UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY and TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA,<br><br>*Plaintiffs*,<br><br>v.<br><br>BECTON DICKINSON AND COMPANY,<br><br>*Defendant*. | Civil Action No. 14-4410<br><br>**ORDER** |

**John Michael Vazquez, U.S.D.J.**

**THIS MATTER** comes before the Court by way of the motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) filed by Plaintiffs Travelers Casualty and Surety Company and Travelers Property and Casualty Company of America (collectively "Plaintiffs"), D.E. 12. Defendant Becton Dickinson and Company filed a brief opposing the motion, D.E. 18, Plaintiffs filed a reply, D.E. 21, and the parties filed supplemental letters, D.E. 26-31, 35-36; and it

**APPEARING** that a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) may be granted only if the movant clearly establishes that no material issues of fact remain. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008); and it further

**APPEARING** that in deciding a Rule 12(c) motion, "a court must take all allegations in the relevant pleadings as true, viewed in the light most favorable to the non-moving party." *N.J. Physicians United Reciprocal Exch. v. Boynton & Boynton, Inc.*, --- F. Supp. 3d ---, 2015 WL

5822930, at *3 (D.N.J. Oct. 1, 2015). Further, "[a]ll reasonable inferences must be made in the non-moving party's favor." *Id.*; and it further

**APPEARING** that the insurance policies at issue are occurrence-based policies. *See* Amended Complaint ¶¶ 37, 43, 46 [D.E. 4]. It is clear that pursuant to New Jersey law[1], the appreciable prejudice doctrine does not apply to claims-made insurance policies. *See Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 224 N.J. 189, 210 (2016); *Zuckerman v. Nat'l Union Fire Ins. Co.*, 100 N.J. 304, 324 (1985). It appears, however, that the appreciable prejudice doctrine applies to insurance coverage disputes involving an alleged breach of the policy conditions of an occurrence-based policy. *See, e.g., British Ins. Co. of Cayman v. Safety Nat. Cas.*, 335 F.3d 205, 212 (3d Cir. 2003) ("We begin our analysis by acknowledging the well-settled New Jersey rule that a primary insurance carrier must show a likelihood of appreciable prejudice . . ."); *Gazis v. Miller*, 186 N.J. 224, 230 (2006) (recognizing that "New Jersey courts have applied the *Cooper* prejudice rule in various other contexts"); *Solvents Recovery Serv. of New. Eng. v. Midland Ins. Co.*, 218 N.J. Super. 49, 55 (App. Div. 1987) (extending appreciable prejudice doctrine to breach of the duty of cooperation). The Court was unable to find any case involving an alleged violation of an occurrence-based policy in which the appreciable prejudice doctrine did not apply. In addition, the appreciable prejudice doctrine has been applied to insured corporations, and is not limited to coverage disputes for tortfeasors. *See, e.g., Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 89 F.3d 976, 996 (3d Cir. 1996) (applying doctrine in commercial environmental clean-up dispute between insurance company and tank truck company); *Pfizer, Inc. v. Emps. Ins. Of Wausau*, 154 N.J. 187, 206 (1998) (in conflict of law analysis acknowledging that "appreciable prejudice" doctrine

---

[1] The parties agree that New Jersey law applies. Pls' Br. at 7 [D.E. 12], Def's Br. at 10 n. 7 [D.E. 18].

would apply to late-notice dispute in an environmental insurance coverage case involving insurance company and pharmaceutical company). In fact, Plaintiffs acknowledge that New Jersey courts have not carved out a sophisticated insured exception. *See* Pls' Br. at 14; and it further

**APPEARING** that New Jersey courts have indicated that there is an open issue as to whether there is a "good faith" prequalification to the appreciable prejudice doctrine. *See, e.g., Hager v. Gonsalves*, 398 N.J. Super. 529, 538 (App. Div. 2008) (concluding that it "did not need to explore this suggestion" of a good faith requirement to resolve the appeal); *DeMasi v. Lexington Ins. Co.*, 2010 WL 3075674, at *10 (N.J. App. Div. July 23, 2010) ("Arguably, the absence of good faith by plaintiff renders it unnecessary for us to apply the 'appreciable prejudice' rule."). In any event, good faith is a fact sensitive question; and it further

**APPEARING** that viewing the pleadings in a light most favorable to Defendant and drawing all reasonable inferences in Defendant's favor, there are numerous material issues of fact in dispute, such as whether Plaintiffs were likely appreciably prejudiced by Defendant's late notice and failure to cooperate; assuming that there is a good faith prequalification, whether Defendant failed to act in good faith; when and if Defendant breached the policies at issue; and when Plaintiffs received notice of the underlying suits; and for good cause shown

**IT IS** on this 5th day of April 2016, hereby

**ORDERED** that Plaintiffs' Travelers Casualty and Surety Company and Travelers Property and Casualty Company of America motion for judgment on the pleadings [D.E. 12] is **DENIED.**

.

_____
John Michael Vazquez, U.S.D.J.