# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Plaintiffs, <br><br> v. <br><br> BECTON DICKINSON AND COMPANY, <br><br> Defendant. | Case No. 2:14-cv-04410-KM-MAH <br><br><br><br><br><br> Motion Day: May 16, 2016 |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF APRIL 5, 2016 ORDER [D.E. 43] OR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

**TABLE OF CONTENTS**

Page

ARGUMENT ..........................................................................................................................1

    I.    Reconsideration Is Required Because the Court Overlooked Controlling New Jersey Precedent. ........................................................................................1

        A.    The Court Overlooked The "Sophisticated Insured" Exception To The Appreciable Prejudice Rule Mandated By *Templo Fuente De Vida Corp. v. National Union Fire Insurance Co. of Pittsburgh*, 224 N.J. 189 (2016). ...............................................................................2

        B.    The Court Overlooked The Dictate In *Gazis v. Miller*, 186 N.J. 224 (2006), That "Appreciable Prejudice" Is Not Automatically Applied To All Conditions Breaches Under "Occurrence" Policies. ..........7

        C.    The Court Overlooked Travelers' Argument Premised On The Policies' No-Action Clause And The Related New Jersey Precedent Of *Bacon v. Am. Ins. Co.*, 138 N.J. Super. 550 (App. Div. 1976). .................................................................................................7

        D.    The Court Overlooked Travelers' Argument Regarding Pre-Tender Defense Expenses And The Related New Jersey Precedent Of *SL Industries, Inc. v. American Motorists Ins. Co.*, 128 N.J. 188 (1992)......................................................................................................8

    II.    An Interlocutory Appeal Is Warranted Under 28 U.S.C.§ 1292(b) Because An Appellate Ruling That An "Appreciable Prejudice" Inquiry Is Not Mandated Will Materially Advance The Ultimate Termination Of The Suit. .........................................................................................................................9

CONCLUSION.....................................................................................................................13

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Bacon v. Am. Ins. Co.*,
    131 N.J. Super. 450 (Law Div. 1974), *aff'd*, 138 N.J. Super. 550 (App. Div. 1976)............7, 8

*Cooper v. Government Employees Ins. Co.*,
    51 N.J. 86 (1968)........................................................................................................*passim*

*Crist v. Ins. Co. of N. Am.*,
    529 F. Supp. 601 (D. Utah 1982).......................................................................................9

*Gazis v. Miller*,
    186 N.J. 224 (2006)............................................................................................... 6, 7, 10

*Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*,
    602 F.3d 237 (3d Cir. 2010) ..............................................................................................1

*Mylan Pharmaceuticals Inc. v. Celgene Corp.*,
    Civ. No. 14-2904 (ES) (MAH), 2015 WL 409655 (D.N.J. Jan. 30, 2015) ...................... 10, 12

*Navigators Specialty Ins. v. PharmaNet Development Group, Inc.*,
    Civ. No. 15-cv-6285 (PGS)(DEA), 2016 WL 1228848 (D.N.J. March 29, 2016)...............5, 6

*New Jersey Eye Ctr., P.A. v. Princeton Ins. Co.*,
    294 N.J. Super. 557 (App. Div. 2007)...............................................................................11

*Resorts Int'l v. Great Bay Hotel and Casino*,
    830 F. Supp. 826 (D.N.J. 1992) .........................................................................................2

*SL Industries, Inc. v. American Motorists Ins. Co.*,
    128 N.J. 188 (1992)........................................................................................................8, 9

*Sync Labs LLC v. Fusion-Mfg.*,
    Civ. No. 11-3671 (WHW), 2013 WL 1163486 (D.N.J. March 19, 2013) ..........................1, 2

*Templo Fuente De Vida Corp. v. National Union Fire Insurance Co. of Pittsburgh*,
    224 N.J. 189 (2016)....................................................................................................*passim*

*Werner Industries, Inc. v. First State Ins. Co.*,
    112 N.J. 30 (1988)..............................................................................................................3

*Zacarias v. Allstate Ins. Co.*,
    168 N.J. 590 (2001)............................................................................................................3

## **TABLE OF AUTHORITIES**
(continued)

Page

**STATUTES, RULES & REGULATIONS**

28 U.S.C. § 1292(b) ............................................................................................................*passim*

Federal Rule of Civil Procedure 54..............................................................................................1

Local Rule 7.1...............................................................................................................................1

Rule 12(c) ........................................................................................................................ 7, 8, 13

Rule 54(b)......................................................................................................................................1

Pursuant to Federal Rule of Civil Procedure 54 and Local Rule 7.1, Plaintiffs Travelers Casualty and Surety Company (f/k/a Aetna Casualty and Surety Company) and Travelers Property Casualty Company of America (f/k/a The Travelers Indemnity Company of Illinois) (collectively, "Travelers") respectfully submit this brief in support of their motion for reconsideration of the Court's April 5, 2016 Order [D.E. 43] (the "April 5 Order") or, alternatively, for amendment of the April 5 Order to certify it for interlocutory appeal under 28 U.S.C.§ 1292(b).

## ARGUMENT

### I. Reconsideration Is Required Because The Court Overlooked Controlling New Jersey Precedent.

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Fed. R. Civ. P.* 54(b). Under Local Rule 7.1, a motion for reconsideration must be brought within fourteen days after entry of the order or judgment sought to be reconsidered and the motion must be accompanied by a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked. . . ." *Local Civ. Rule* 7.1(i).

The purpose of a motion for reconsideration is to "correct a manifest error of law or fact or to present newly discovered evidence." *See Sync Labs LLC v. Fusion-Mfg.*, Civ. No. 11-3671 (WHW), 2013 WL 1163486, *1 (D.N.J. March 19, 2013) (citing *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.,* 602 F.3d 237, 251 (3d Cir. 2010) (quotations omitted)). The moving party must show: (1) an intervening change in the controlling law; (2) new evidence becomes available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

1

*Id.* Where the movant argues clear error, the motion is appropriately granted if "'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Great Bay Hotel and Casino,* 830 F. Supp. 826, 831 (D.N.J. 1992)).

Travelers respectfully submits that reconsideration is appropriate here because the Court's April 5 Order overlooks controlling New Jersey precedent, thereby committing a clear error of law.

> **A.   The Court Overlooked The "Sophisticated Insured" Exception To The Appreciable Prejudice Rule Mandated By *Templo Fuente De Vida Corp. v. National Union Fire Insurance Co. of Pittsburgh*, 224 N.J. 189 (2016).**

The April 5 Order holds that Becton's breach of the subject policies' notice and cooperation clauses requires an "appreciable prejudice" inquiry because the subject policies are occurrence-based, irrespective of Becton's status as a sophisticated purchaser of insurance. [D.E. 43 at 2-3] That conclusion overlooks and is in direct conflict with the New Jersey Supreme Court's recent decision in *Templo Fuente De Vida Corp. v. National Union Fire Insurance Co. of Pittsburgh*, 224 N.J. 189 (2016). Contrary to this Court's holding, *Templo Fuente* dictates that the "appreciable prejudice" safe-haven developed by the New Jersey Supreme Court is not appropriately applied to sophisticated policyholders regardless of the type of liability policy purchased.

Travelers' supplemental submission on the *Templo Fuente* decision [D.E. 35] discusses the case in detail. We focus here on the decision's key component: that the policyholder's status as a "sophisticated" insured was the reason that no prejudice showing was required. 224 N.J. at 193. The Court in *Templo Fuente* plainly explained its holding as follows:

> We hold that *because* this Directors and Officers "claims made" policy was not a contract of adhesion but *was agreed to by sophisticated parties*, the insurance company was not required to show that it suffered prejudice before disclaiming coverage on the basis of the insured's failure to give timely notice of the claim.

2

*Id.* (emphasis added). *Templo Fuente* thus dictates unequivocally that the appreciable prejudice rule is not appropriately applied where the policyholder is a sophisticated purchaser of insurance.

The remainder of *Templo Fuente* reinforces this point. For example, the Court explained that its holding in the seminal "occurrence" policy case of *Cooper v. Government Employees Ins. Co.*, 51 N.J. 86 (1968):

> reflected that *for individual members of the public*, insurance policies constitute adhesion contracts to which our courts "must give special scrutiny . . . because of the *stark imbalance* between insurance companies and insureds in their respective understanding of the terms and conditions of insurance policies."

*Id.* at 203-04 (quoting *Zacarias v. Allstate Ins. Co.*, 168 N.J. 590, 594 (2001)) (emphasis added). The Court added: "We concluded [in *Cooper*] that *because* the insurance contract *was not 'truly a consensual arrangement* and was available only on a take-it-or-leave-it basis,' it was against the public interest to forfeit the insured's bargained-for coverage by reason of its failure to provide timely notice." *Templo Fuente*, 224 N.J. at 204 (quoting *Cooper*, 51 N.J. at 94) (emphasis added). The Court thereby made plain that the basis for application of the "appreciable prejudice" requirement was not the type of policy purchased but instead the relative bargaining strength of the parties to that policy.

The Court likewise emphasized the determinative role of the policyholder's status as a sophisticated entity in discussing *Werner Industries, Inc. v. First State Ins. Co.,* 112 N.J. 30 (1988). *See Templo Fuente*, 224 N.J. at 205. It described the policy in *Werner* as "a 'claims made' excess 'umbrella' liability policy covering commercial risks *entered into between sophisticated parties.*" *Templo Fuente*, 224 N.J. at 205 (emphasis added). It then explained: "In *Werner*, we enforced the plain language of the policy, to the detriment of the insured, *because* we found *the reasonable expectations of the parties were met where the insurance policy was procured through a broker, and the bargaining parties were knowledgeable with respect to*

3

*insurance*." *Templo Fuente*, 224 N.J. at 205 (emphasis added).

In finding no prejudice showing required, *Templo Fuente* rejected what the Court described as plaintiffs' invitation "to expand our prior holding in *Zuckerman* by applying the *Cooper* doctrine to 'claims made' policies where the insured provides notice of a claim within the policy period." *Templo Fuente*, 224 N.J. at 207. The Court's evaluation of whether to apply the *Cooper* prejudice rule further illustrates the Court's determination that the appropriateness of the rule's application turns on whether the subject insured is a sophisticated purchaser.

The Court explained, in particular, that it has "historically approached 'claims made' and 'occurrence' policies differently *due in large part to the differences between the policyholders themselves*." *Id.* at 208 (emphasis added). It elaborated that "in the vast majority of 'occurrence' policies, the policy holders are 'unsophisticated consumer[s] unaware of all of the policy's requirements[,]'" leading to "special consideration" by the courts and the concomitant determination to not require strict adherence to the notice requirements. *Id.* at 209 (internal quotations omitted). By contrast, the Court noted, such "equitable concerns based on the nature of the parties" do not play a similar role where the subject policyholders are "'particularly knowledgeable insureds, purchasing their insurance requirements through sophisticated brokers[.]'" *Id.* (citation omitted). The Court added that in the case before it, it "need only enforce the plain and unambiguous terms of a negotiated Directors and Officers insurance contract entered into between *sophisticated business entities*." *Id.* (emphasis added). In that context, the Court concluded that the insured's failure to comply with the policy's notice provision voided coverage without the insurer having to prove prejudice. *Id.* at 210.

In both its holding and reasoning, then, *Templo Fuente* plainly dictates that the "appreciable prejudice" rule is not appropriately applied to sophisticated purchasers of insurance.

4

The April 5 Order overlooks this controlling precedent in finding a prejudice showing required in the case of all occurrence-based policies. Indeed, the Order does not even reference *Templo Fuente* in addressing the "sophisticated insured" point. It cites instead to cases decided well before *Templo Fuente* to conclude that "the appreciable prejudice doctrine has been applied to insured corporations. . . ." [D.E. at 2] Given that *Templo Fuente* provides express guidance on the question of whether *Cooper*'s prejudice rule is properly applied to a sophisticated commercial insured like Becton, those cases – which pre-date *Templo Fuente* and do not address the issue directly in any event – are surely beside the point.[1]

Travelers thus respectfully submits that the Court committed a clear error of law in failing to follow *Templo Fuente*'s dictate that the policyholder's status as an unsophisticated insurance purchaser is a prerequisite to application of the "appreciable prejudice" rule. Notably, in this respect, the April 5 Order appears to be inconsistent with the understanding of *Templo Fuente* set forth in another recent decision from this Court. *See Navigators Specialty Ins. v. PharmaNet Development Group, Inc.*, Civil Action No. 15-cv-6285 (PGS)(DEA), 2016 WL 1228848, *5 (D.N.J. March 29, 2016). Specifically, Judge Sheridan describes *Templo Fuente* as holding "that *because sophisticated parties agreed to a contract and it was not a contract of adhesion*, the insurance company did not have to show that it 'suffered prejudice before disclaiming coverage on the basis of the insured's failure to give timely notice of the claim,' . . . ." *Id.* (quoting *Templo Fuente*, 224 N.J. at 193) (emphasis added). In contrast to the April 5 Order, then, *Navigators Specialty* recognizes that under *Templo Fuente*, a policyholder's sophistication (or not) determines the propriety of application of the "appreciable prejudice" rule.

---

[1] And if those cases are considered, it must be recognized that *Pfizer, Inc. v. Emps. Ins. of Wausau* explains: "The reason for the New Jersey [prejudice] rule is to protect the interests of policyholders because insurance contracts are contracts of adhesion and policyholders should not lose the benefits of coverage unless the delay has prejudiced the insurance company." 154 N.J. 187, 206 (1998).

5

Importantly, on this "sophisticated insured" point, the April 5 Order also mistakenly characterizes Travelers' position. Specifically, it indicates that Travelers "acknowledge[s] that New Jersey courts have not carved out a sophisticated insured exception" and points to Travelers' opening motion brief in support. [D.E. 43 at 3] Contrary to the Court's impression, however, the referenced brief section expressly argues that the adoption of the appreciable prejudice rule in *Cooper* was driven by the unsophisticated nature of the insured. [D.E.12-1 at 13-14] It asserts: "Also critical is that this case bears no comparison to a personal-injury lawsuit brought against an unsophisticated individual insured who did not believe she was going to be sued – the situation contemplated by the New Jersey Supreme Court when it determined to apply the 'appreciable prejudice' requirement in *Cooper*." [*Id.* at 13] While that section also notes that the Court in *Gazis v. Miller*, 186 N.J. 224 (2006), did not apply a "sophisticated policyholder" exception [D.E. 12-1 at 14], it further urges that *Gazis* "did not dismiss the *Cooper* Court's 'concern' with the unsophisticated insured issue, but merely holds it subordinate to the overriding public policy in favoring of assuring compensation to the victims of automobile accidents." [D.E. 12-1 at 15]

Moreover, Travelers' opening brief to which the Court cites was filed prior to the issuance of the *Templo Fuente* decision and Travelers' supplemental submission on that case. [D.E. 35] That submission unquestionably argues that *Templo Fuente* recognizes a "sophisticated policyholder" exception to the application of the "appreciable prejudice" rule. In fact, its final paragraph begins with: "If there was any lingering uncertainty, the New Jersey Supreme Court has dispelled it: 'appreciable prejudice' is not a rigid and inflexible requirement, but circumstantial consideration extended to unsophisticated policyholders." [D.E. 35 at 3] The Court's description of Travelers' position on this point is inaccurate.

**B.      The Court Overlooked The Dictate In *Gazis v. Miller*, 186 N.J. 224 (2006), That "Appreciable Prejudice" Is Not Automatically Applied To All Conditions Breaches Under "Occurrence" Policies.**

The April 5 Order applies an absolute rule: "that the appreciable prejudice doctrine applies to insurance coverage disputes involving an alleged breach of the policy conditions of an occurrence-based policy." [D.E. 43 at 2]  In *Gazis*, the New Jersey Supreme Court expressly instructed that there is no such absolute rule.  186 N.J. at 233.  *Gazis* addressed an insurer's late notice defense in the context of an occurrence-based excess liability policy.  *Id.*  Rather than applying *Cooper*'s prejudice rule as a matter of course, the Court in *Gazis* determined if the rule should be applied by evaluating whether the circumstances before it were "close enough to those in *Cooper* to justify its extension."  *Gazis*, 186 N.J. at 231. Concluding that they were in that particular case, the Court in *Gazis* nevertheless cautioned that "[w]e do not mean to suggest that every notice provision in an insurance setting can be discarded in favor of an 'appreciable prejudice' requirement."  *Id.* at 233.  It added:  "However, as to this occurrence-based excess policy of liability insurance, when recompense for an accident victim's injuries is in the balance, the correctness of the Appellate Division judgment [requiring 'appreciable prejudice'] is manifest."  *Id.  Gazis* thus unequivocally dictates that there is no blanket prejudice rule for all occurrence-based policies.  In its application of such a blanket rule, the April 5 Order overlooked, and is in derogation of, that New Jersey Supreme Court precedent.

**C.      The Court Overlooked Travelers' Argument Premised on the Policies' No-Action Clause and the Related New Jersey Precedent Of *Bacon v. Am. Ins. Co.*, 138 N.J. Super. 550 (App. Div. 1976).**

Pursuant to the authority of *Bacon v. Am. Ins. Co.*, 131 N.J. Super. 450 (Law Div. 1974), *aff'd*, 138 N.J. Super. 550 (App. Div. 1976), Travelers' Rule 12(c) motion argued that coverage for the underlying suits is precluded by the portion of the policies' "no action" clause which

7

provides that no action shall lie against Travelers unless the insured's obligation to pay has been set by judgment following trial or a settlement made with Travelers' written agreement. [D.E. 12-1 at 27-29; D.E. 21 at 11] In *Bacon*, the insured settled without its insurer's consent and then sued its insurer, seeking indemnity coverage. 131 N.J. Super. at 453-54. Without requiring any prejudice showing, the trial court held that in the absence of an underlying judgment or settlement to which the insurer had agreed, the no-action clause afforded the insurer had an "absolute defense" to the insured's suit. The Appellate Division affirmed on the opinion below. 138 N.J. Super. 550. *Bacon* thus stands for the proposition that in the absence of the requisite underlying judgment or agreed settlement, an insured may not pursue a claim for coverage against its insurer. That proposition merits judgment in Travelers' favor here.

The April 5 Order does not address Travelers' argument under *Bacon*. It does not cite *Bacon* or reference the portion of the no-action clause upon which the argument is premised. Travelers respectfully submits that reconsideration is warranted as the April 5 Order overlooks controlling New Jersey precedent established by the Appellate Division affirmance in *Bacon*.

    **D.    The Court Overlooked Travelers' Argument Regarding Pre-Tender Defense Expenses and the Related New Jersey Precedent of *SL Industries, Inc. v. American Motorists Ins. Co.*, 128 N.J. 188 (1992).**

Pursuant to the authority of *SL Industries, Inc. v. American Motorists Ins. Co.*, 128 N.J. 188 (1992), Travelers' Rule 12(c) motion argued that it was entitled to judgment declaring that it has no obligation to reimburse Becton for defense expenses incurred prior to Becton's tender of the underlying lawsuits. [D.E. 12-1 at 35; D.E. 21 at 11] While Becton argued in response that issues of fact preclude judgment on this point, it did not claim any dispute of fact regarding the dates in December 2013 and June 2014 when Becton *tendered* the underlying suits and sought reimbursement of its defense and settlement costs from Travelers. [D.E. 18 at 29]

8

Of course, *SL Industries*' rule against recovery of pre-tender defense expenses at the very least requires a tender from the insured. *See SL Industries*, 128 N.J. at 199-200 ("insured being sued is responsible for promptly conveying to its insurance company the information that it believes will trigger coverage"); *id.* at 200 (following *Crist v. Ins. Co. of N. Am.*, 529 F. Supp. 601, 604 (D. Utah 1982)), which "refused to allow the insured to recover his expenses prior to the insured's tendering the defense to the insurer," and holding that when insured's "delay in providing relevant information prevents the insurer from assuming control of the defense," insurer is only liable for defense costs incurred "after it was informed of the facts triggering the duty to defend"). Again, in this case, Becton does not dispute the relevant tender dates. [*See, e.g.*, D.E. 4 ¶¶52,61; D.E. 9 ¶¶52,61] Accordingly, as all of Becton's defense expenses were incurred pre-tender,[2] *SL Industries* requires judgment for Travelers declaring that it owes no duty to reimburse Becton's defense expenses for the underlying suits.

The April 5 Order does not cite *SL Industries* or reference this pre-tender argument. Travelers respectfully submits reconsideration is warranted as the Order overlooks controlling New Jersey precedent established by the Supreme Court's decision in *SL Industries*.

**II.     An Interlocutory Appeal Is Warranted Under 28 U.S.C.§ 1292(b) Because An Appellate Ruling That An "Appreciable Prejudice" Inquiry Is Not Mandated Will Materially Advance The Ultimate Termination Of The Suit.**

Section 1292(b) of Title 28 permits a district court, under certain circumstances, to include language in an interlocutory order permitting that order, subject to the discretion of the appeals court, to be appealed. It provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference

---

[2] The Retractable Lawsuits were tendered almost a decade after Becton settled them, and Becton's correspondence with Travelers regarding the Class Action Lawsuits acknowledges that Becton's defense expenses as to those suits were all incurred pre-tender. [D.E.4-4]

9

> of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). This provision has three key components: (1) that there be a controlling question of law; (2) "as to which there is a substantial ground for difference of opinion"; and (3) an immediate appeal "may materially advance the ultimate termination of the litigation." *See Mylan Pharmaceuticals Inc. v. Celgene Corp.*, Civil Action No. 14-2904 (ES) (MAH), 2015 WL 409655 at *1 (D.N.J. Jan. 30, 2015). The April 5 Order satisfies all three.

The April 5 Order involves at least two controlling issues of law as to which, as evidenced by the April 5 Order itself, there is a substantial ground for difference of opinion. The first is whether an "appreciable prejudice" inquiry applies to all conditions breaches under occurrence-based policies. While this Court answers "yes" (with the possible exception of a "good faith" prerequisite), the New Jersey Supreme Court in *Templo Fuente* and *Gazis* answers "no."

Even if the Court disagrees that its conclusion is at odds with *Templo Fuente*, the opinion in that case at the very least provides "substantial ground for difference of opinion" as to whether the prejudice rule is appropriately applied in the case of a sophisticated insured like Becton. *Gazis* also creates "substantial ground for difference of opinion" as to the correctness of this Court's conclusion that all occurrence-based policies merit a prejudice inquiry. As noted above, contrary to that conclusion, *Gazis* directs that the case circumstances must be "close enough" to *Cooper* to justify application of the *Cooper* prejudice rule.

The second controlling legal issue addressed in the April 5 Order as to which there is "substantial ground for difference of opinion" is whether the "appreciable prejudice" inquiry is only available to policyholders that have acted in "good faith." As to whether such "substantial ground" exists, one need not look beyond the April 5 Order itself. The April 5 Order expressly

10

finds that there is an "open issue" within the New Jersey case law as to whether there is a "good faith" prerequisite to application of the "appreciable prejudice" rule. [D.E. 43, at 3]

As to the final component of Section 1292(b), the disposition of these issues on appeal unquestionably "may materially advance the ultimate termination" of this lawsuit.  As Becton is the quintessential sophisticated policyholder, its conditions breaches will void coverage under the subject policies if such policyholders may not shield themselves with *Cooper*'s "appreciable prejudice" requirement.[3]  And Travelers will be entitled to judgment in that instance.

On the other hand, absent an immediate appeal of the April 5 Order (and an accompanying stay, for which Travelers will move when it applies for leave to appeal under Section 1292(b)), the parties will be required to undertake substantial discovery on the question of the likelihood that Travelers suffered appreciable prejudice as a result of Becton's various breaches of the subject policies' different conditions.  This discovery will, no doubt, be massive and expensive, as Travelers will have to ascertain exactly what happened in each phase of the underlying suits and evaluate whether anything might have been done differently had Travelers been given the notice Becton was required to give under its policies.  At a minimum, such discovery will include a review by Travelers' counsel of the entirety of the litigation files for each and every one of the underlying lawsuits.  Additionally, Travelers will have to depose the client representatives and lawyers involved on all sides in those lawsuits.  Accordingly, permitting an interlocutory appeal has the potential not only to materially advance the termination of the lawsuit, but also could allow the parties and the Court to avoid a needless expenditure of resources on unnecessary discovery on "appreciable prejudice," not to mention

---

[3] Becton's unexplained, years-long delay in tendering the underlying suits to Travelers [D.E. 12-1 at 5-6] pales in comparison to the six-month delay found in *Templo Fuente* to be untimely as a matter of law.  224  N.J. at 207.  There is, moreover, no conceivable dispute as to whether Becton's settlement of the underlying suits before tender and without Travelers' consent constitutes a breach of the policies' cooperation and voluntary payments conditions.  *See New Jersey Eye Ctr., P.A. v. Princeton Ins. Co.*, 294 N.J. Super. 557, 570-71 (App. Div. 2007).

the myriad defenses to coverage that exist even if Becton's egregious conditions breaches are condoned. *See Mylan*, 2015 WL 409655 at *1 (granting certification under Section 1292(b) based on finding that "an interlocutory appeal in this case would advance the ultimate termination of the litigation because it could potentially eliminate the need for costly discovery and trial").

Further, even assuming an "appreciable prejudice" rule applies generally, a determination of the question of whether there exists a "good faith" prerequisite to the rule's application could "materially advance" the ultimate disposition of this suit. In particular, if the Court of Appeals were to conclude there is such a prerequisite, Travelers should be granted judgment in its favor as the undisputed facts here establish Becton's lack of good faith as a matter of law. [*See* D.E. 12-1 at 17-18; D.E. 21 at 5, 10-11 (noting tender of multiple, aged underlying lawsuits post-settlement, Becton's express refusal to explain delay when asked by Travelers, and that Becton was both aware of the Travelers policies and updating its shareholders about the underlying suits during the time it failed to tender them to Travelers)]  Alternatively, given that the April 5 Order reasons that good faith is a "fact sensitive question," if the Third Circuit finds there is no "good faith" prerequisite, the parties would be able to avoid substantial time and resources devoted to discovery on the question of Becton's purported good faith; and the Court would not have to expend its resources evaluating and deciding a factual issue that has no relevance.

For these reasons, in the alternative to its motion for reconsideration, Travelers moves for the Court to amend the April 5 Order to include the language provided by 28 U.S.C. § 1292(b) to permit, subject to the Court of Appeals' discretion, interlocutory appellate review.

## CONCLUSION

For the foregoing reasons, Travelers respectfully requests reconsideration of the April 5 Order and entry of judgment in its favor pursuant to Rule 12(c), or in the alternative, amendment of the April 5 Order to include the language provided by 28 U.S.C. § 1292(b) to permit, subject to the Court of Appeals' discretion, interlocutory appellate review.

By: /s/ *William T. Corbett, Jr.*
William T. Corbett, Jr.
Laura A. Brady
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932-1047
Tel:  (973) 549-7000
william.corbett@dbr.com
laura.brady@dbr.com
*Counsel for Plaintiffs*
*Travelers Casualty and Surety Company and*
*Travelers Property Casualty Company of America*
