**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>      Plaintiffs,<br><br>v.<br><br>BECTON, DICKINSON AND COMPANY,<br><br>      Defendant. | Case No. 2:14-cv-04410-JMV-JBC<br><br><br>Return Date: May 16, 2016 |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**

                                              **McCarter & English, LLP**
                                              Four Gateway Center
                                              100 Mulberry Street
                                              Newark, NJ 07102
                                              Attorneys for Defendant
                                              Becton, Dickinson and Company

Of Counsel
      Anthony Bartell
      Ira Gottlieb

On The Brief
      Anthony Bartell
      Mario S. Russo

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT

POINT I

THIS COURT SHOULD DENY TRAVELERS' RECONSIDERATION MOTION BECAUSE THE INSURER CANNOT SATISFY THE STANDARDS FOR SECURING RECONSIDERATION AND SIMPLY REITERATES ITS ALREADY REJECTED DISMISSAL ARGUMENTS .................................................................................................1

    A.    This Court Considered Travelers' Erroneous "Sophisticated Insured" Argument .............3

    B.    This Court Considered Travelers' Other Dismissal Arguments .........................................6

POINT II

THIS COURT SHOULD DENY TRAVELERS' MOTION FOR AN INTERLOCUTORY APPEAL BECAUSE SAME WOULD REQUIRE THE COURT OF APPEALS TO RULE ON A SPECULATIVE AND CONTINGENT ISSUE AND BECAUSE THE INSURER CANNOT SATISFY THE REQUIREMENTS FOR SECURING INTERLOCUTORY CERTIFICATION ................................................................7

CONCLUSION..........................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Altana Pharma AG v. Teva Pharm. USA, Inc.*,
  No. CIV.A 04-2355 JLL, 2009 WL 5818836 (D.N.J. Dec. 1, 2009)......................................2

*Ashton v. AT & T Corp.*,
  No. 03-CV-3158 DMC, 2006 WL 6909588 (D.N.J. Feb. 2, 2006) ............................... 1, 2, 3

*Budge v. Arrianna Holding Co., LLC*,
  No. CIV.A. 13-0056 CCC, 2014 WL 1705830 (D.N.J. Apr. 29, 2014)..................................2

*Cardona v. Gen. Motors Corp.*,
  939 F. Supp. 351 (D.N.J. 1996) ................................................................................... 8, 9, 10

*Champion Labs., Inc. v. Metex Corp.*,
  677 F. Supp. 2d 748 (D.N.J. 2010) ................................................................................... 1, 3

*Clauso v. Glover*,
  No. CIV.A. 09-5306 CCC, 2012 WL 4840811 (D.N.J. Sept. 26, 2012)................................2

*In re Consol. Parlodel Litig.*,
  22 F. Supp. 2d 320 (D.N.J. 1998) ..................................................................................1, 2, 3

*Eichorn v. AT&T Corp.*,
  No. CIV.A. 96-3587 (MLC), 1999 WL 33471890 (D.N.J. Aug. 23, 1999).......................2, 3

*Fabics v. City of New Brunswick*,
  No. CIV.A. 13-6025, 2015 WL 5167153 (D.N.J. Sept. 3, 2015) ...........................................2

*Farmer v. Camden City Bd. of Educ.*,
  No. CIV. 03-685JBS, 2005 WL 1683745 (D.N.J. July 19, 2005) .....................................4, 5

*Fellenz v. Lombard Inv. Corp.*,
  400 F. Supp. 2d 681 (D.N.J. 2005) ..............................................................................*passim*

*G-69 v. Degnan*,
  748 F. Supp. 274 (D.N.J. 1990) .........................................................................................2, 6

*Hackensack Riverkeeper, Inc. v. Del. Otsego Corp.*,
  No. CIV.A.05-4806(DRD), 2007 WL 1749963 (D.N.J. June 15, 2007) .......................*passim*

*Harris v. Kellogg, Brown & Root Servs., Inc.*,
  No. CV 08-563, 2016 WL 1660203 (W.D. Pa. Apr. 27, 2016).............................................7

*Holten v. Chevron U.S.A.*,
  No. 00-4703 (AET), 2001 U.S. Dist. LEXIS 17600 (D.N.J. Oct. 3, 2001)............................5

ME1 22374111v.2

*Hudson v. Siemens Logistics & Assembly Sys., Inc.*,
   No. CIV.A. 04-6438(NLH), 2008 WL 819950 (D.N.J. Mar. 25, 2008) ................................. 2

*Ivan v. Cty. of Middlesex*,
   612 F. Supp. 2d 546 (D.N.J. 2009) ...................................................................................... 1

*Kapossy v. McGraw-Hill, Inc.*,
   942 F. Supp. 996 (D.N.J. 1996) .............................................................................. 8, 9, 10

*Koken v. Viad Corp.*,
   No. CIV.A.03-5975, 2004 WL 1240672 (E.D. Pa. May 11, 2004) ............................... 8, 9, 10

*Link v. Mercedes-Benz of N. Am., Inc.*,
   550 F.2d 860 (3d Cir. 1977) .............................................................................. 6, 8, 9

*Marangos v. Flarion Techs., Inc.*,
   No. CIV. 05-4919 (GEB), 2007 WL 1741841 (D.N.J. June 14, 2007) .............................. 1, 3

*Morton v. Fauver*,
   No. CIV. 97-5127 RBK/JS, 2011 WL 2975532 (D.N.J. July 21, 2011) ................................. 3

*N.J. Reg'l Council of Carpenters v. D.R. Horton, Inc.*,
   No. CIV.A. 08-1731 KSH, 2011 WL 1322204 (D.N.J. Mar. 31, 2011) ........................... 9, 10

*Navigators Speciality Ins. v. Pharmanet Dev. Grp., Inc.*,
   No. 15CV6285PGSDEA, 2016 WL 1228848 (D.N.J. Mar. 29, 2016) ................................... 5

*Ostroff v. Alterra Healthcare Corp.*,
   No. CIV.A. 05-6187, 2006 WL 2086970 (E.D. Pa. July 25, 2006) ........................................ 2

*Prall v. Burlington City Mun. Court*,
   No. CIV 09-2615 (NLH), 2010 WL 2719760 (D.N.J. June 29, 2010) ........................... 1, 2, 3

*Rose v. Alt. Ins. Works, LLC*,
   No. 06-1818, 2007 WL 2533894 (D.N.J. Aug. 31, 2007) ..................................................... 2

*Rubinsky v. Zayat*,
   No. CV 2:14-01540 (WJM), 2015 WL 6737020 (D.N.J. Nov. 2, 2015) ................................ 4

*In re Shafer*,
   No. ADV 08-1004, 2009 WL 3334877 (D.N.J. Oct. 14, 2009) ............................................. 9

*Skoorka v. Kean Univ.*,
   No. CIV. 2:09-03428 KM, 2014 WL 59744 (D.N.J. Jan. 6, 2014) ................................ *passim*

*Zygmuntowicz v. Hosp. Invs., Inc.*,
   828 F. Supp. 346 (E.D. Pa. 1993) ........................................................................................ 9

**STATE CASES**

*DeMasi v. Lexington Ins. Co.*,
 No. A-3206-08T3, 2010 WL 3075674 (N.J. Super. Ct. App. Div. July 23, 2010).................11

*Hager v. Gonsalves*,
 398 N.J. Super. 529 (App. Div. 2008)...............................................................................11

*Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
 224 N.J. 189 (2016)..............................................................................................3, 4, 5

*Zuckerman v. Nat'l Union Fire Ins. Co.*,
 100 N.J. 304 (1985)...................................................................................................4, 5

**FEDERAL STATUTES**

28 U.S.C. § 1292(b) ...........................................................................................................8, 10

## PRELIMINARY STATEMENT

Plaintiffs have done everything in their power to avoid litigating a case they filed nearly two (2) years ago. Plaintiffs continue their stalling tactics by now asking the Court, through their overlength motion, to (1) reconsider its April 5, 2016 Order denying plaintiffs' premature dismissal motion, or (2) certify the Order for interlocutory appeal. Plaintiffs, of course, want this litigation stayed pending receipt of any reconsidered opinion by this Court or opinion by the Court of Appeals.

Plaintiffs meet none of the factors for reconsideration or interlocutory review. Their behavior, however, leads naturally to the question of why plaintiffs seem terrified of conducting discovery in this action. It takes no extraordinary leap of imagination to conclude the insurers' files contain information eviscerating their coverage-defeating arguments. Defendant/policyholder remains absolutely entitled to this discovery. Plaintiffs cannot continue abusing this Court's procedural rules to forestall defendant's day in Court. Enough is enough.

## ARGUMENT

### POINT I

**THIS COURT SHOULD DENY TRAVELERS' RECONSIDERATION MOTION BECAUSE THE INSURER CANNOT SATISFY THE STANDARDS FOR SECURING RECONSIDERATION AND SIMPLY REITERATES ITS ALREADY REJECTED DISMISSAL ARGUMENTS**

This Court grants reconsideration motions "only sparingly." *See, e.g.*, *Prall v. Burlington City Mun. Court*, No. CIV 09-2615 (NLH), 2010 WL 2719760, at *2 (D.N.J. June 29, 2010).[1]

---

[1] *Accord Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010); *Ivan v. Cty. of Middlesex*, 612 F. Supp. 2d 546, 550–51 (D.N.J. 2009); *Hackensack Riverkeeper, Inc. v. Del. Otsego Corp.*, No. CIV.A.05-4806(DRD), 2007 WL 1749963, at *2 (D.N.J. June 15, 2007); *Marangos v. Flarion Techs., Inc.*, No. CIV. 05-4919 (GEB), 2007 WL 1741841, at *1 (D.N.J. June 14, 2007), *aff'd*, 264 F. App'x 176 (3d Cir. 2008); *Ashton v. AT & T Corp.*, No. 03-CV-3158 DMC, 2006 WL 6909588, at *1 (D.N.J. Feb. 2, 2006); *Fellenz v. Lombard Inv. Corp.*,

Travelers cannot secure reconsideration merely by disagreeing with this Court's April 5, 2016 Order. *See Fabics v. City of New Brunswick*, No. CIV.A. 13-6025, 2015 WL 5167153, at *4–5 (D.N.J. Sept. 3, 2015); *Clauso v. Glover*, No. CIV.A. 09-5306 CCC, 2012 WL 4840811, at *5 (D.N.J. Sept. 26, 2012); *Prall*, 2010 WL 2719760, at *2–3. "Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law. Such disagreements should be dealt with through the normal appellate process." *Hudson v. Siemens Logistics & Assembly Sys., Inc.*, No. CIV.A. 04-6438(NLH), 2008 WL 819950, at *1 (D.N.J. Mar. 25, 2008) (citations omitted); *accord Fellenz*, 400 F. Supp. 2d at 683; *Eichorn v. AT&T Corp.*, No. CIV.A. 96-3587 (MLC), 1999 WL 33471890, at *2 (D.N.J. Aug. 23, 1999); *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990); *see also In re Consol. Parlodel Litig.*, 22 F. Supp. 2d at 330 (although reconsideration motion "present[ed] valid arguments" that the court ruled incorrectly, motion denied because "[e]ven the most legitimate disagreement with" the court's ruling "does not present grounds for reconsideration").

Travelers cannot demonstrate the following requirements for reconsideration:

> (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice.

*Budge v. Arrianna Holding Co., LLC*, No. CIV.A. 13-0056 CCC, 2014 WL 1705830, at *2 (D.N.J. Apr. 29, 2014).[2]  Travelers alleges no intervening change in controlling law or new

---

400 F. Supp. 2d 681, 683 (D.N.J. 2005); *In re Consol. Parlodel Litig.*, 22 F. Supp. 2d 320, 329 (D.N.J. 1998).

[2]     *Accord Fabics*, 2015 WL 5167153, at *3; *Prall*, 2010 WL 2719760, at *2; *Altana Pharma AG v. Teva Pharm. USA, Inc.*, No. CIV.A 04-2355 JLL, 2009 WL 5818836, at *1 (D.N.J. Dec. 1, 2009), *aff'd*, No. CIV.A 04-2355 JLL, 2010 WL 451168 (D.N.J. Feb. 5, 2010); *Hackensack Riverkeeper, Inc.*, 2007 WL 1749963, at *2; *see also id.* at *2 (holding party seeking reconsideration bears the burden of proof); *accord Ostroff v. Alterra Healthcare Corp.*, No. CIV.A. 05-6187, 2006 WL 2086970, at *1 (E.D. Pa. July 25, 2006); *Ashton*, 2006 WL 6909588, at *1.

evidence previously unavailable. *See Budge*, 2014 WL 1705830, at *2. Travelers argues only that this Court committed a clear error of law. *See* Pls.' Recons. Br. 2, ECF No. 45-1.

A court commits a clear error of law warranting reconsideration only if it overlooks some dispositive factual or legal matter. *Rose v. Alt. Ins. Works, LLC*, No. 06-1818, 2007 WL 2533894, at *1 (D.N.J. Aug. 31, 2007); *Prall*, 2010 WL 2719760, at *2; *Hackensack Riverkeeper, Inc.*, 2007 WL 1749963, at *2; *Marangos*, 2007 WL 1741841, at *1; *Fellenz*, 400 F. Supp. 2d at 683. "Overlooks" remains the operative term. Travelers must prove this Court failed to consider facts and law requiring dismissal of BD's coverage claim. *Prall*, 2010 WL 2719760, at *2; *Hackensack Riverkeeper, Inc.*, 2007 WL 1749963, at *2; *Marangos*, 2007 WL 1741841, at *1; *Morton v. Fauver*, No. CIV. 97-5127 RBK/JS, 2011 WL 2975532, at *3 (D.N.J. July 21, 2011), *aff'd sub nom*, *In re Bayside Prison Litig.*, 477 F. App'x 16 (3d Cir. 2012); *In re Consol. Parlodel Litig.*, 22 F. Supp. 2d at 329. Travelers cannot meet its proof burden because this Court considered carefully every argument contained in the insurer's dismissal motion.

**A.      This Court Considered Travelers' Erroneous "Sophisticated Insured" Argument**

This Court, in denying Travelers' dismissal motion, overlooked no controlling New Jersey precedent, including especially *Templo Fuente De Vida Corp. v. National Union Fire Insurance Co. of Pittsburgh*, 224 N.J. 189 (2016). The Court cited *Templo Fuente* on page two of its April 5, 2016 Order, confirming it reviewed and considered that opinion in rendering its denial. *See* Order 2, Apr. 5, 2016, ECF No. 43. This Court also considered the parties' February 12, 2016 and February 19, 2016 supplemental letter briefs (Docket Nos. 35 and 36), which addressed at length *Templo Fuente*. Court's "consider" arguments if the parties presented same in "written submissions." *See Hackensack Riverkeeper, Inc.*, 2007 WL 1749963, at *2; *Ashton*, 2006 WL 6909588, at *2; *Eichorn*, 1999 WL 33471890, at *3.

3

The relative brevity of this Court's *Templo Fuente*/sophisticated insured discussion, in its April 5, 2016 Order, does not warrant reconsideration.  "An argument is not deemed overlooked because it is not specifically addressed in a court's opinion."  *Ashton*, 2006 WL 6909588, at *2 (citation omitted); *accord Morton*, 2011 WL 2975532, at *3; *Hackensack Riverkeeper, Inc.*, 2007 WL 1749963, at *2; *Champion Labs., Inc.*, 677 F. Supp. 2d at 751; *Marangos*, 2007 WL 1741841, at *2; *Rubinsky v. Zayat*, No. CV 2:14-01540 (WJM), 2015 WL 6737020, at *1 (D.N.J. Nov. 2, 2015); *Farmer v. Camden City Bd. of Educ.*, No. CIV. 03-685JBS, 2005 WL 1683745, at *3 (D.N.J. July 19, 2005).

*Templo Fuente*, in any event, affects no change whatsoever to New Jersey's late notice/appreciable prejudice law.  The opinion simply reaffirms the Supreme Court's more than thirty (30) year jurisprudence that an insurer need not prove appreciable prejudice to escape coverage based on late notice under a "claims made" insurance policy.  *See Zuckerman v. Nat'l Union Fire Ins. Co.*, 100 N.J. 304 (1985).[3]  The Court explicitly confined its ruling to "claims made" policies, repeating this phrase no less than thirty-two (32) times in its twenty-eight (28) page opinion.  The Court took pains to explain the numerous "conceptual differences between 'claims made' and 'occurrence' policies."  *Templo Fuente De Vida Corp.*, 224 N.J. at 200; *see also* Def.'s Opp'n to Pls.' Mot. J. Pleadings 12–14, ECF No. 18 (distinguishing between "claims made" and non-"claims made" policies and explaining New Jersey courts always apply the appreciable prejudice doctrine to the latter).  *Templo Fuente* confirmed existing New Jersey law by holding that because the insurer sold a "claims-made" policy, it need not prove appreciable prejudice.

---

[3]   BD did not purchase "claims made" policies from Travelers.

4

*Templo Fuente* gives no indication the Court intended to craft a "sophisticated insured" exception to its appreciable prejudice requirement under "occurrence" policies. The Court, in fact, quotes with approval from its *Zuckerman* ruling that "[t]he *Cooper* [appreciable prejudice] doctrine has a clear application to ['occurrence'] policies . . . ." *Templo Fuente De Vida Corp.*, 224 N.J. at 205. Had the Court intended to articulate such a universal "sophisticated insured" exception, then surely it would have taken the opportunity to do so. The Court, instead, emphasized repeatedly the limited nature of its ruling, even as it relates to "claims made" policies. *See id.* at 207, 209. *Templo Fuente*, moreover, cites to no case – because none exists – supporting Travelers' position that New Jersey law already contains a "sophisticated insured" exception to the appreciable prejudice requirement under "occurrence" policies. *See* Pls.' Mot. J. Pleadings 13–16, ECF No. 12-1; Pls.' Reply Br. 1, ECF No. 21. The Court likewise cites to no case – because none exists – holding "the appropriateness of the [appreciable prejudice] rule's application turns on whether the subject insured is a sophisticated purchaser." *See* Pls.' Recons. Br. 4, ECF No. 45-1. The Court's silence on this point remains absolutely deafening.

This Court, in short, overlooked neither *Templo Fuente* nor the non-existent "sophisticated policyholder" exception in denying Travelers' dismissal motion.[4]

---

[4] Travelers cannot secure reconsideration through the non-binding opinion in *Navigators Speciality Insurance v. Pharmanet Development Group, Inc.*, No. 15CV6285PGSDEA, 2016 WL 1228848 (D.N.J. Mar. 29, 2016). *See* Pls.' Recons. Br. 5, ECF No. 45-1. *Navigators* – like *Templo Fuente* and *Zuckerman* – involves a "claims-made" policy. *See Navigators Speciality Ins.*, 2016 WL 1228848, at *3; *see also* Certification of Anthony Bartell, Exhibit A, at 2 (Navigators' moving brief confirms the insurer "insured [its policyholder] under . . . a Claims Made Products/Completed Operations and Professional Services Liability Policy . . . ."). This Court, in any event, holds non-binding decisions do not justify reconsideration. *See, e.g.*, *Holten v. Chevron U.S.A.*, No. 00-4703 (AET), 2001 U.S. Dist. LEXIS 17600, at *14 (D.N.J. Oct. 3, 2001).

## B. This Court Considered Travelers' Other Dismissal Arguments

Nothing supports Travelers' (implicit) argument that this Court ignored a number of the insurer's legal or factual arguments. All indications, instead, demonstrate the Court denied Travelers' dismissal motion after reviewing and considering all arguments contained in the insurer's motion papers and post-briefing submissions. Travelers, again, cannot secure reconsideration on the ground this Court declined to address explicitly, in its April 5, 2016 Order, each of the insurer's dismissal arguments. *See supra* at 4. This Court deems "considered" any argument presented by the parties in written submissions. *See supra* at 3.

Travelers merely recapitulates its dismissal arguments already considered by this Court. Such recapitulation "does not comply with the limited purposes of the reconsideration rule." *Farmer*, 2005 WL 1683745, at *1; *see also Skoorka v. Kean Univ.*, No. CIV. 2:09-03428 KM, 2014 WL 59744, at *1 (D.N.J. Jan. 6, 2014) ("Reconsideration is not warranted . . . where (1) the movant simply repeats the cases and arguments previously analyzed by the court; or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision." (internal and external citations omitted)); *id.* at *2 (holding plaintiff's reconsideration motion "appears to be a classic attempt at a second bite at the apple." (internal quotations and external citation omitted)); *Fellenz*, 400 F. Supp. 2d at 683 (denying reconsideration motion because, among other things: (1) "Rule 7.1(i) does not allow parties to restate arguments which the court has already considered"; (2) movant "simply disagree[d] with the Court's previous findings of fact and law;" and (3) "[t]he Court previously considered and either implicitly or explicitly rejected [movant's] arguments"); *G-69*, 748 F. Supp. at 275 ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" (citations omitted)); *Hackensack Riverkeeper, Inc.*, 2007 WL 1749963,

6

at *3 ("A motion for reconsideration is improper when it is used to ask the Court to rethink what it had already thought through-rightly or wrongly." (citation omitted)).

This Court neither overlooked controlling New Jersey precedent nor committed a clear error of law in denying Travelers' dismissal motion. The Court, therefore, should deny Travelers' reconsideration application.

## POINT II

**THIS COURT SHOULD DENY TRAVELERS' MOTION FOR AN INTERLOCUTORY APPEAL BECAUSE SAME WOULD REQUIRE THE COURT OF APPEALS TO RULE ON A SPECULATIVE AND CONTINGENT ISSUE AND BECAUSE THE INSURER CANNOT SATISFY THE REQUIREMENTS FOR SECURING INTERLOCUTORY CERTIFICATION**

The Court of Appeals cannot review, on an interlocutory basis, issues of a contingent and/or speculative nature. *Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860 (3d Cir. 1977) (en banc). Travelers asks the Court of Appeals to issue precisely this type of prohibited opinion on the following two (2) issues:

- "whether an 'appreciable prejudice' inquiry applies to all conditions breaches under occurrence-based policies"; and

- "whether the 'appreciable prejudice' inquiry is only available to policyholders that have acted in 'good faith.'"

*See* Pls.' Recons. Br. 10, ECF No. 45-1.

This Court's April 5, 2016 Order holds the "good faith" issue remains "open" and unresolved. *See* Order 3, Apr. 5, 2016, ECF No. 43. This Court, therefore, must rule first on this open issue before the Court of Appeals can consider same. *See Harris v. Kellogg, Brown & Root Servs., Inc.*, No. CV 08-563, 2016 WL 1660203, at *2–4 (W.D. Pa. Apr. 27, 2016) ("[T]he Court of Appeals lacks jurisdiction to adjudicate an interlocutory appeal to address legal issues that

7

were not definitively decided in the challenged order of the District Court," and citing Third Circuit opinions holding same). There presently exists, quite simply, no "good faith" ruling subject to an appeal (interlocutory or otherwise).

The Court of Appeals, moreover, never reaches the "appreciable prejudice" issue unless and until Travelers proves, and this Court agrees, that BD breached the insurer's policies. *See* Def.'s Opp'n to Pls.' Mot. J. Pleadings 10–11, 23–24, ECF No. 18. This Court's April 5, 2016 Order correctly holds that disputed fact issues exist as to:

- "when and if [BD] breached the policies at issue"; and
- "when [Travelers] received notice of the underlying suits."

*See* Order 3, Apr. 5, 2016, ECF No. 43. If this Court ultimately concludes BD never breached Travelers' policies, including the policies' notice provisions, then the Court of Appeals need never address the "appreciable prejudice" issues Travelers wants resolved now on an interlocutory appeal.

In *Link v. Mercedes-Benz of North America, Inc.*, 550 F.2d 860, the Court of Appeals rejected an interlocutory appeal where, as here, the party seeking same "asked for an advisory opinion on an interesting legal proposition but one which may never be invoked in th[e] case." *Id.* at 864–65 (citations omitted). The Court, given the "contingent" nature of the district court's ruling, held "Section 1292(b) is not intended to grant the appellate courts power to give advice on speculative matters." *Id.* at 863. Application of the appreciable prejudice standard here similarly remains contingent on this Court's finding that BD breached Travelers' policies. The appreciable prejudice issue presently remains entirely speculative.

This Court grants interlocutory certification motions only "sparingly." *Skoorka*, 2014 WL 59744, at *4 (citation omitted); *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001

8

(D.N.J. 1996); *Cardona v. Gen. Motors Corp.*, 939 F. Supp. 351, 353 (D.N.J. 1996); *see also Koken v. Viad Corp.*, No. CIV.A.03-5975, 2004 WL 1240672, at *1 (E.D. Pa. May 11, 2004) ("Certification is only appropriate in 'exceptional' cases." (citations omitted)). Travelers cannot secure interlocutory certification merely by disagreeing with this Court's April 5, 2016 Order. *Skoorka*, 2014 WL 59744, at *4; *Kapossy*, 942 F. Supp. at 1001; *Cardona*, 939 F. Supp. at 353. Travelers, instead, must prove: (1) the Court's April 5, 2016 Order involves a controlling question of law; (2) as to which there exists substantial ground for difference of opinion; and (3) an immediate appeal of the Court's April 5, 2016 Order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Skoorka*, 2014 WL 59744, at *4. Travelers must prove the existence of all three factors. *Koken*, 2004 WL 1240672, at *1; *Kapossy*, 942 F. Supp. at 1001; *Cardona*, 939 F. Supp. at 353.

Travelers cannot prove an immediate appeal of this Court's April 5, 2016 Order will advance materially the ultimate termination of this litigation. Even if the Court of Appeals somehow agrees with Travelers' position and upsets more than fifty (50) years of New Jersey late notice law, this Court still must determine whether BD breached the policies' notice provisions. The Court of Appeals cannot resolve this factual issue on an interlocutory basis. *See, e.g.*, *In re Shafer*, No. ADV 08-1004, 2009 WL 3334877, at *1 (D.N.J. Oct. 14, 2009) ("The interlocutory appeal cannot involve questions of fact." (citing *Link*, 550 F.2d 860)). Certification, therefore, "would not materially advance the ultimate termination of the litigation" because "[w]hile a successful appeal would remove [one issue] from the case, it would not end the litigation." *N.J. Reg'l Council of Carpenters v. D.R. Horton, Inc.*, No. CIV.A. 08-1731 KSH, 2011 WL 1322204, at *5 (D.N.J. Mar. 31, 2011) (citation omitted); *accord Kapossy*, 942 F. Supp. at 1004.

9

Travelers contends only that an interlocutory appeal may allow the parties to avoid some discovery. *See* Pls.' Recons. Br. 11–12, ECF No. 45-1. Every interlocutory movant, in every case, can (and usually does) make this very same argument. If such argument proved dispositive, then interlocutory certification would become the rule rather than the very limited exception. *See Skoorka*, 2014 WL 59744, at *4; *Koken*, 2004 WL 1240672, at *1; *Kapossy*, 942 F. Supp. at 1001; *Cardona*, 939 F. Supp. at 353 (citation omitted). Courts, for this reason, reject such generic arguments and require much more to justify reconsideration. *See, e.g.*, *D.R. Horton, Inc.*, 2011 WL 1322204, at *5 (A movant must "advance something more than mere conjecture that certification would substantially reduce time and expense." (quoting *Zygmuntowicz v. Hosp. Investments, Inc.*, 828 F. Supp. 346, 353 (E.D. Pa. 1993))).

Travelers also cannot demonstrate it seeks interlocutory review of a controlling question of law. A question of law qualifies as "controlling" only "if its incorrect disposition would require reversal of the final judgment." *Kapossy*, 942 F. Supp. at 1001 (citation omitted); *Cardona*, 939 F. Supp. at 353 (citation omitted). This Court must ask "whether a different resolution of the issue would eliminate the need for trial." *See, e.g.*, *Koken*, 2004 WL 1240672, at *1 (citation omitted). This Court's appreciable prejudice rulings cannot qualify as "controlling" because their reversal would not "eliminate the need for trial." *Id.* Travelers, again, still must prove BD breached its policies. *See supra* at 8–9. Any Third Circuit reversal of this Court's appreciable prejudice rulings leaves intact this disputed factual issue.

Travelers, lastly, cannot prove "substantial ground for difference of opinion" regarding the appreciable prejudice issues for which it seeks an interlocutory appeal. A substantial difference of opinion "must arise out of genuine doubt as to the correct legal standard." *D.R. Horton, Inc.*, 2011 WL 1322204, at *2 (quoting *Kapossy*, 942 F. Supp. at 1001); *Cardona*, 939

10

F. Supp. at 353.  A movant must point to an "absence of controlling law on a particular issue" or "conflicting and contradictory opinions."  *D.R. Horton, Inc.*, 2011 WL 1322204, at *2 (citations omitted).  "[M]ere disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion' within the meaning of § 1292(b)."  *Id.* (quoting *Kapossy*, 942 F. Supp. at 1001); *Cardona*, 939 F. Supp. at 353.

No genuine doubt exists on "whether an 'appreciable prejudice' inquiry applies to all conditions breaches under occurrence-based policies."  New Jersey law remains clear as crystal that an insurer can escape coverage for its policyholder's alleged breach of an occurrence policy condition only by proving such breach caused it appreciable prejudice.  *See* Def.'s Opp'n to Pls.' Mot. J. Pleadings 10–16, ECF No. 18.  Neither Travelers nor this Court, for this reason, could find a single "case involving an alleged violation of an occurrence-based policy in which the appreciable prejudice doctrine did not apply."  *See* Order 2, Apr. 5, 2016, ECF No. 43.

No genuine doubt also exists on "whether the 'appreciable prejudice' inquiry is only available to policyholders that have acted in 'good faith.'"  This Court, again, identifies this issue as "open" and unresolved.  This Court, therefore, must rule first on this issue before it goes to the Court of Appeals.  New Jersey law nevertheless imposes no good faith prerequisite to the appreciable prejudice inquiry.  While some lower state courts discuss generally "good faith," none of those courts -- and certainly not the New Jersey Supreme Court -- ever requires a policyholder to demonstrate good faith to secure the appreciable prejudice standard.  *See, e.g.*, *DeMasi v. Lexington Ins. Co.*, No. A-3206-08T3, 2010 WL 3075674, at *10 (N.J. Super. Ct. App. Div. July 23, 2010); *Hager v. Gonsalves*, 398 N.J. Super. 529, 534, 538 (App. Div. 2008); *see also* Def.'s Opp'n to Pls.' Mot. J. Pleadings 15–16, ECF No. 18.

11

## CONCLUSION

This Court, for the foregoing reasons, should deny Travelers' motion for reconsideration or interlocutory certification.

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Phone:  (973) 639-2062
Fax:  (973) 297-3846
Email:  abartell@mccarter.com
Attorneys for Defendant


s/ Anthony Bartell
By: Anthony Bartell (A 0079)

Dated:  May 2, 2016

12