# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>            Plaintiffs,<br><br>   v.<br><br>BECTON DICKINSON AND COMPANY,<br><br>            Defendant. | Case No. 2:14-cv-04410-KM-MAH<br><br>Motion Day: May 16, 2016 |

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR CERTIFICATION OF APRIL 5, 2016 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

# **TABLE OF CONTENTS**

                                                                                               **Page**

TABLE OF AUTHORITIES ................................................................................. ii

ARGUMENT ..........................................................................................................1

      A.      The Disposition of the "Controlling Question of Law" Need
             Not Eliminate The Need For Trial On All Issues ..............................1

      B.      New Jersey Law Provides "Substantial Ground for Difference
             Of Opinion" Regarding the Court's Appreciable Prejudice
             Ruling ................................................................................................2

      C.      The "Materially Advance" Prong of Section 1292(b) Does Not
             Require That Interlocutory Review Will End The Case ....................3

      D.      There Is No Dispute of Fact As To Whether Becton Obtained
             Travelers' Written Consent to Settle ..................................................4

CONCLUSION .......................................................................................................5

# **TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*Averhart v. Commcations Workers of Am.*,
    No. 10-6163, 2016 WL 1162628 (D.N.J. Mar. 24, 2016) ................................ 1, 4

*Gazis v. Miller*,
    186 N.J. 224 (2006) ........................................................................................ 2

*Kapossy v. McGraw-Hill, Inc.*,
    942 F.Supp. 996 (D.N.J. 1996) ...................................................................... 3

*Katz v. Carte Blanche Corp.*,
    496 F.2d 747 (3d Cir.), *cert. den.*, 419 U.S. 885 (1974) .............................. 1, 2, 3

*Link v. Mercedes-Benz of N. Am., Inc.*,
    550 F.2d 860 (3d Cir. 1977) ........................................................................... 5

*SL Industries, Inc. v. American Motorists Ins. Co.*,
    128 N.J. 188 (1992) ........................................................................................ 5

*Templo Fuente De Vida Corp. v. National Union Fire Insurance Co.*
    *of Pittsburgh*,
    224 N.J. 189 (2016) ..................................................................................... 2, 3

*Zuckerman v. National Union Fire Ins. Co.*,
    100 N.J. 304 (1985) ........................................................................................ 3

**STATUTES, RULES & REGULATIONS**

28 U.S.C.§ 1292(b) .............................................................................................. 1, 2, 3, 4

Travelers[1] respectfully submits this reply brief in support of its motion to certify the April 5, 2016 Order for interlocutory appeal under 28 U.S.C.§ 1292(b).

## ARGUMENT

**A.     The Disposition of the "Controlling Question of Law" Need Not Eliminate The Need For Trial On All Issues.**

Becton argues the "controlling question of law" prong of Section 1292(b) requires that interlocutory appeal eliminate entirely the need for a trial. (Opp. at 10)  The law in the Third Circuit is contrary. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir.) ("Nor need a reversal of the order terminate the litigation. . . "), *cert. den.*, 419 U.S. 885 (1974).  Becton also wrongly claims a question is "controlling" "*only* 'if its incorrect disposition would require reversal of the final judgment.'"  (Opp. at 10 (citation omitted) (emphasis added))  *Katz* rejected such a rule.  496 F.2d at 755.  It recognized that while a question that will yield reversal of a final judgment constitutes "[t]he clear case of a controlling question of law," a question need not meet that test to be "controlling."  *Id.*

In this Circuit, a "controlling" question of law exists "when an incorrect answer to the question would lead to reversal on appeal. . . . 'Controlling' can also mean 'serious to the conduct of the litigation, either practically or legally.'" *Averhart v. Commc'ns Workers of Am.*, No. 10-6163, 2016 WL 1162628, at *2

---

[1] Capitalized terms shall be used as in Plaintiffs' opening brief. (D.E. 45-1)

1

(D.N.J. Mar. 24, 2016) (citing *Katz*, 496 F.2d at 755).  There is no legitimate dispute that Travelers' proposed questions of law qualify.  Given Becton's conditions breaches, any judgment in its favor will require reversal if the Court of Appeals holds no appreciable prejudice is required; moreover, litigating from discovery through trial the appreciable prejudice issue, and the sub-issue of Becton's lack of good faith, will yield a process entirely different in scope than one where those issues are not litigated. *See Katz*, 496 F.2d at 755 ("[O]n the practical level, saving of time of the district court and of expense to the litigants was deemed by the sponsors [of Section 1292(b)] to be a highly relevant factor").

**B.     New Jersey Law Provides "Substantial Ground for Difference Of Opinion" Regarding the Court's Appreciable Prejudice Ruling.**

New Jersey law is not, as Becton claims, "clear as crystal" that all conditions breaches under occurrence policies require an insurer to show "appreciable prejudice."  Notably, Becton does not respond to Travelers' specific contention that *Gazis v. Miller*, 186 N.J. 224 (2006), and *Templo Fuente De Vida Corp. v. National Union Fire Insurance Co. of Pittsburgh*, 224 N.J. 189 (2016), provide the requisite "substantial ground" for a difference of opinion as to the bright-line requirement apparently adopted by this Court. (Opp. at 11)

*Templo* in particular -- as the Supreme Court's most recent discussion of the appreciable prejudice requirement -- provides more than "genuine doubt" (Opp. at 11) as to whether a sophisticated corporate insured like Becton is entitled to the

2

benefit of that rule. While involving a claims-made policy, *Templo* simply does not fit the mold of the Court's prior jurisprudence finding no prejudice showing required in the claims-made context. *See Zuckerman v. National Union Fire Ins. Co.*, 100 N.J. 304, 324 (1985) (no prejudice required where notice within policy period requirement was "event that invokes coverage"). Whereas the prior cases dealt with notice given outside the policy period, thus failing to satisfy the claims-made insuring agreement, the notice in *Templo* was given within the policy period and the "late notice" involved the failure to notify "as soon as practicable." *Templo*, 224 N.J. at 207. Given that context, *Templo*'s conclusion that no prejudice was required "because this Directors and Officers 'claims made' policy was not a contract of adhesion but was agreed to by sophisticated parties," *id.* at 193, provides precisely the "genuine doubt" Becton claims is absent.

**C.   The "Materially Advance" Prong of Section 1292(b) Does Not Require That Interlocutory Review Will End The Case.**

Becton next argues that the third prong of Section 1292(b) – whether an immediate appeal "may materially advance the ultimate termination of the litigation" – requires a showing that interlocutory appeal will "end" the case. (Opp. at 9)  Not so. "May materially advance" is not the same as "end." *See* 28 U.S.C. §1292(b); *see also Kapossy v. McGraw-Hill, Inc.*, 942 F.Supp. 996, 1004 (D.N.J. 1996) (citing *Katz*, 496 F.2d 747, as "good example of how certification can 'materially advance' the litigation" and explaining that in *Katz*, the

3

interlocutory appellate ruling resulted in case being "tried in the district court by a single plaintiff. . . ."). Rather, "[a] *Section* 1292(b) certification materially advances the litigation's ultimate termination when it will eliminate the need for trial, complex issues, or issues that make discovery more difficult and more expensive." *See Averhart*, 2016 U.S. Dist. LEXIS 38793 at *5 (citation omitted). For the reasons in Travelers' opening brief, the "may materially advance" requirement of Section 1292(b) is satisfied.

**D.   There Is No Dispute of Fact As To Whether Becton Obtained Travelers' Written Consent to Settle.**

Becton urges that interlocutory appeal is not warranted because there are disputed issues of fact as to whether it "breached Travelers' policies." (Opp. at 8) Becton, however, focuses exclusively on whether it breached the subject notice provisions. (*Id.* at 8, 9) It claims no fact dispute relevant to its breach of the voluntary payments, cooperation and no-action provisions.

Becton settled the underlying lawsuits without seeking or obtaining Travelers' consent, and demanded indemnification from Travelers after the fact. (D.E. 4-3 at 14; D.E. 4-5) Becton has raised no dispute as to these facts, nor could it. (*See, e.g.*, D.E. 4,9 at ¶¶91,92; D.E. 4-4) Given this, an interlocutory appellate ruling that no prejudice showing is required for Becton's breach of the policies' voluntary payments, cooperation and no-action provisions would result in judgment for Travelers on all claims relating to its purported duty to indemnify

4

Becton for the underlying settlements. Such a ruling would thus eliminate the need for the sure-to-be extensive discovery and trial on the indemnity issue, leaving only the duty to defend issue. Moreover, Travelers submits that such a ruling will, in short order, lead to the termination of the litigation, as the duty to defend issue involves Becton's claim to recover defense fees and costs that were all incurred before Becton tendered the underlying suits to Travelers, and controlling New Jersey law prohibits recovery for such pre-tender expenses. *See SL Industries, Inc. v. American Motorists Ins. Co.*, 128 N.J. 188, 200 (1992). Becton's claimed dispute of fact on the notice point is a red herring.[2]

## CONCLUSION

For these reasons and those in its opening brief, Travelers respectfully requests the Court certify the April 5 Order for interlocutory appellate review.

By: /s/ *William T. Corbett, Jr.*
William T. Corbett, Jr.
Laura A. Brady
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932-1047
Tel: (973) 549-7000
william.corbett@dbr.com
laura.brady@dbr.com
*Counsel for Plaintiffs*

---

[2] Even if the case were only about late notice, *Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860 (3d Cir. 1977), does not require denial of Travelers' motion. *Link* merely provides, unremarkably, that the appeals court will not conduct interlocutory review of an issue the district court has not ruled upon. *Id.* at 864.