

William T. Corbett Jr.
973-549-7040 Direct
973-360-9831 Fax
william.corbett@dbr.com

*Law Offices*

600 Campus Drive
Florham Park, NJ
07932-1047

(973) 549-7000
(973) 360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited
Liability Partnership*

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON D.C.

June 24, 2016

**VIA CM/ECF**

Honorable John Michael Vazquez
United States District Court
Martin Luther King Building and U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      **Re:**   *Travelers Casualty and Surety Company and Travelers Property Casualty Company of America v. Becton Dickinson and Company*
              Case No. 2:14-cv-04410-JMV-JBC

Dear Judge Vazquez:

We write in connection with the pending motion of Plaintiffs Travelers Casualty and Surety Company and Travelers Property Casualty Company of America ("Travelers") for reconsideration of the Court's April 5, 2016 Order or, in the alternative, certification of the Order for interlocutory appeal under 28 U.S.C. § 1292(b) [D.E. 45], to bring certain information to the Court's attention. The information came to Travelers' attention as a result of Travelers' search for and review of documents responsive to Defendant's document demands served on May 31, 2016.

In particular, Travelers has learned that following the April 2004 merger between Travelers Property Casualty Corp. and The St. Paul Companies, St. Paul Mercury Insurance Company (an affiliate of Plaintiffs as a result of the merger) issued excess-level directors and officers and fiduciary liability policies to Becton from October 2005 through October 2011.[1] In applying for and procuring those policies, Defendant provided information regarding the existence of the underlying lawsuits and the 2004 and 2009 underlying settlements at issue to the underwriting personnel of St. Paul Travelers responsible for such policies.[2]

This information has no bearing on the pending motion for reconsideration or alternatively certification for interlocutory appeal, which presents pure questions of law, to wit:

*Andrew B. Joseph
Partner responsible for
Florham Park Office*

---

[1] St. Paul also issued D&O/fiduciary liability policies (in effect 10/1/03 to 10/1/04) and an ocean marine policy (in effect 3/5/02 to 3/5/03) that incepted pre-merger.
[2] Travelers will produce to Defendant the documents containing this newly-discovered information following service of its written responses to Defendant's initial discovery demands.

*Established* 1849

DrinkerBiddle&Reath LLP

Judge Vazquez
June 24, 2016
Page 2

- Is a sophisticated policyholder entitled to the benefit of the "appreciable prejudice" rule?
- Is the "appreciable prejudice" rule automatically applied to all conditions breaches under "occurrence" policies?
- Does the policies' "no action" clause preclude insurance recovery where the insured has not obtained an underlying judgment or settlement to which the insurer agreed?
- Is an insured entitled to recover from its insurer defense expenses incurred prior to the insured's tender of the subject lawsuit to its insurer?
- Does the Court's April 5, 2016 Order involve one or more controlling questions of law and otherwise satisfy the requirements for certification for interlocutory appeal under 28 U.S.C. § 1292(b)?

Nor does it have any bearing on Travelers' original Rule 12(c) motion, which pertains to Becton's obligations regarding suits for which it seeks coverage, not whether employees of an unrelated, non-claims division affiliated through merger knew of those suits. The newly-discovered information does not alter the fact that Becton did not tender and request insurance coverage from Travelers for the underlying suits until December 2013 and June 2014. Nor does it alter the fact that Becton settled those suits without either requesting or securing Travelers' consent to those settlements. This information, moreover, pertains to the underwriting of policies not at issue in this suit and underwritten by an entity that is not party to this action. We nevertheless decided to advise the Court of this development in an excess of caution, to ensure that Travelers' Rule 12(c) motion papers will not be construed as representing that no Travelers affiliate possessed information about the existence of the underlying actions prior to Becton's ultimate tenders.

We appreciate the Court's attention to this matter. We are available at Your Honor's convenience to answer any questions raised by this submission.

Respectfully submitted,

*/s/William T. Corbett Jr.*

William T. Corbett Jr.

WTC
cc:   All Counsel (via CM/ECF)