<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TRAVELERS CASUALTY AND SURETY COMPANY, et al.,** : <br> : <br> **Plaintiffs,** : <br> : <br> v. : <br> : <br> **BECTON DICKINSON AND COMPANY,** : <br> : <br> **Defendant.** : | Civil Action No. 14-4410 (JMV) <br><br> **OPINION AND ORDER** |

**CLARK, Magistrate Judge**

  Currently pending before the Court is Plaintiffs Travelers Casualty and Surety Company and Travelers Property and Casualty Company of America's (collectively, "Plaintiffs") Motion for Leave to Amend their Answer to Defendant's Counterclaim. [Dkt. No. 66]. Defendant Becton Dickson and Company ("Defendant") opposes Plaintiffs' motion [Dkt. No. 70], and Plaintiffs have replied [Dkt. No. 76]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiffs' motion. The Court considers this motion without oral argument pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1(b). For the reasons set forth more fully below, Plaintiffs' motion is **GRANTED**.

<u>**BACKGROUND**</u>

  As the parties are intimately familiar with the facts underlying this matter, the Court will address only those facts relevant to the pending motion. Plaintiffs filed their operative (amended) complaint on July 18, 2016, seeking a declaratory judgment that they are not obligated to defend or indemnify Defendant with respect to a number of underlying antitrust

1

lawsuits filed against Defendant. [*See* Dkt. No. 4]. Plaintiffs also seek a declaration that Defendant breached its contracts with Plaintiffs, and thus forfeited rights to insurance coverage with respect to the underlying lawsuits. [*See id.*].

According to the complaint, Plaintiffs issued policies to Defendant for several years, from approximately 1978 through at least 1999. [*See id.*]. These policies provided coverage for certain occurrences but required notice pursuant to the terms in the policies. [*See id.*]. Plaintiffs claim that Defendant did not notify them of the underlying lawsuits until after they had been filed and settled. [*See id.*].

On September 16, 2014, Defendant filed an answer to the amended complaint and asserted a counterclaim against Plaintiffs seeking a declaration of coverage for the underlying lawsuits. [Dkt. No. 9]. Plaintiffs filed an answer to Defendant's counterclaim on October 7, 2014. [Dkt. No. 11]. On November 24, 2014, Plaintiffs moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). [Dkt. No. 12]. Approximately three months later, Plaintiffs filed an application to stay discovery pending adjudication of their Rule 12(c) motion, which the Court granted on February 27, 2015. [Dkt. Nos. 22, 24]. Plaintiff's motion for judgment on the pleadings was denied on April 5, 2016. [Dkt. No. 43]. On May 10, 2016, the Court entered a scheduling order. [Dkt. No. 52]. The scheduling order permitted the parties to file any motion to amend no later than July 22, 2016. [Dkt. No. 52]. On July 22, 2016, Plaintiffs filed the present motion.

## LEGAL STANDARD

The decision of whether to grant leave to amend is always within the discretion of the court. *See Fourte v. Countrywide Home Loans, Inc.*, No. 07-1363, 2009 WL 2998110, at *7 (D.N.J. Sept. 15, 2009) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed.

2d 222 (1962)). Pursuant to Federal Rule of Civil Procedure 15(a), leave of court to amend pleadings "shall be freely given as justice so requires." Fed. R. Civ. P. 15(a). Further, Rule 15(a) encompasses amending an answer to include an affirmative defense. *Charpentier v. Godsil,* 937 F.2d 859, 863–64 (3d Cir. 1991) (and cases cited). Similarly, leave to amend to add a counterclaim may be granted if the pleader has omitted the counterclaim "through oversight, inadvertence, or excusable neglect, or when justice requires." Fed. R. Civ. P. 13(f). Whether to allow such amendments is within the discretion of the court. *See Lorenz v. CSX Corporation,* 1 F.3d 1406, 1413–14 (3d Cir. 1993) (citing *Foman,* 371 U.S. at 182). Although the rule requires that leave to amend be "freely given," it is appropriate to deny such a request in the event that the court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Id.* (and cases cited).

      The Third Circuit has established that "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co. v. Occupational Safety & Health Review Comm'n,* 573 F.2d 820, 823 (3d Cir. 1978). While mere delay is insufficient to constitute denial of leave to amend, a delay in asserting an amendment may cause prejudice sufficient to warrant such a denial. *See Phillips v. Borough of Keyport,* 179 F.R.D. 140, 144 (D.N.J. 1998). "As a practical matter, however, any delay in asserting an affirmative defense for a significant period of time will almost invariably result in some 'prejudice' to the nonmoving party." *Advocat v. Nexus Indus., Inc.,* 497 F. Supp. 328, 331 (D. Del. 1980). Thus, the proper standard requires balancing the length of the delay against the resulting prejudice. *Id.* Moreover, the court should balance concerns of possible prejudice to the non-moving party against the moving party's reason for delay in seeking to amend. *Coventry v. United States Steel Corp.,* 856 F.2d

514, 520 (3d Cir. 1988) (citing *Adams v. Gould, Inc.,* 739 F.2d 858, 868–69 (3d Cir. 1984), *cert denied,* 469 U.S. 1122, 105 S. Ct. 806, 83 L.Ed.2d 799 (1985)).  Prejudice to the nonmoving party is greater when the amendment requires a reopening of discovery and less when application of a new issue of law to already existing facts will facilitate a ruling.  *See Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 469 (D.N.J. 1990).

## DISCUSSION

Plaintiffs seek to amend their answer to Defendant's counterclaim to add the following affirmative defense: "To the extent [Defendant] claims that it satisfied its notice obligation respecting the [underlying lawsuits], as required by [Plaintiffs' applicable policies], at some time prior to [Defendant's] tenders and requests for coverage as to those actions in, respectively, December 2013 and June 2014, [Defendant's] claims against [Plaintiff] may be barred by applicable statutes of limitation." [Dkt. No. 66-2].  Defendant argues that Plaintiffs' motion to amend should be denied because the affirmative defense that Plaintiffs wish to include would prove futile, the affirmative defense was waived by waiting too long to assert the same, and that Plaintiffs filed the motion with undue delay.  [*See* Dkt. No. 70].  Defendant further argues that granting Plaintiff's motion would "significantly prejudice" it, and that Plaintiffs filed their motion in bad faith and with dilatory motive.  [*Id.*].

Defendant first argues that the proposed statute of limitations affirmative defense is futile because it lacks facial plausibility.  [Dkt. No. 70 at 15].  Specifically, Defendant avers that it filed its counterclaims within the applicable statute of limitations period, and thus Plaintiffs cannot show that the action is time-barred.  [*See id.*].  Defendant further argues that the Plaintiffs' statute of limitations defense was waived by waiting too long to assert the same.  [*Id.*].

With regard to any futility analysis, Defendant's arguments in opposition to Plaintiffs' motion for leave to amend would overlap significantly with those made in support of a motion to dismiss. The Court, in its discretion, will not consider the futility arguments in connection with its review of Plaintiffs' present motion. *See In re Aetna UCR Litig.*, No. 07-3541, 2015 WL 3970168, at *8 (D.N.J. June 30, 2015) (and cases cited). In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss. *See id.* at *8; *Strategic Envtl. Partners, LLC v. Bucco*, No. 13-5032, 2014 WL 3817295, at *2 (D.N.J. Aug. 1, 2014) (preserving futility argument for anticipated motions to dismiss); *Diversified Indus., Inc. v. Vinyl Trends, Inc.*, No. 13-6194, 2014 WL 1767471, at *1 n.1 (D.N.J. May 1, 2014) (finding, "in the interest of judicial economy and in the absence of prejudice," that the amended counter-claim should be treated as the operative pleading for the purposes of a motion to dismiss despite the fact that the Court had not yet granted leave to amend).

With regard to Defendant's arguments of undue delay and prejudice, the Court finds these points unavailing. There is no presumptive period in which a motion for leave to amend is deemed "timely" or in which delay becomes "undue." *Fourte*, 2009 WL 2998110 at *8. Delay alone does not justify denying a motion to amend. *Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 273 (3d Cir. 2001) (and case cited). Rather, only when the delay places an unwarranted burden on the court or on the opposing party is a denial on the basis of delay appropriate. *See Adams,* 739 F.2d at 868 (and cases cited). Moreover, unless the delay at issue will prejudice the non-moving party, a movant does not need to establish compelling reasons for its delay. *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.,* 663 F.2d 419,

426 (3d Cir. 1981). In gauging prejudice, the Court should consider whether an amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." *Ruotolo v. City of New York,* 514 F.3d 184, 192 (2d Cir. 2008) (and case cited).

Here, Plaintiffs successfully argue that they did not act with undue delay in filing their motion. After answering Defendant's counterclaim and before a scheduling order was entered, the Court stayed discovery pending adjudication of Plaintiffs' Rule 12(c) motion. [*See* Dkt. No. 24]. After Plaintiffs' motion was denied, the Court entered a scheduling order on May 10, 2016. [Dkt. No. 52]. Plaintiffs claim that during the course of responding to Defendant's subsequent discovery requests, they located relevant information that Defendant used to claim prior notice in a related action. [*See* Dkt. No. 66 at 6; Dkt. No. 76 at 5]. It appears that Plaintiffs then sought consent to amend their answer to Defendant's counterclaim to add a statute of limitations defense. [Dkt. No. 66 at 6 n.1]. Unable to obtain Defendant's consent, Plaintiff filed the instant motion, less than two months after the discovery stay was lifted and within the deadline set by the Court to file leave for a motion to amend. Based on these facts, the Court does not find that Plaintiffs acted with undue delay.

Notably, Defendant would also face minimal prejudice at this time. Defendant argues that Plaintiffs' proposed amended would cause it undue hardship by expending additional resources to overcome a defense that Plaintiffs could have asserted years ago. [*See* Dkt. No. 70 at 20]. Defendant further argues that granting Plaintiffs' amendment request will necessitate additional discovery which will further delay resolution of this matter. [*See id.* at 20–21]. Presently, no pre-trial conference has occurred, no trial date has been set, and the parties have not yet finished discovery. In fact, the parties jointly requested an extension of fact discovery

6

until September 11, 2017, which the Court granted. [Dkt. No. 99]. Thus, the Court effectively cured any prejudice to Defendant by extending the timeline for discovery. *See Koch Materials Co. v. Shore Slurry Seal, Inc.*, 216 F.R.D. 301, 306 (D.N.J. 2003) (holding the same). Defendant argues that it will be prejudiced by the amount of paperwork and discovery that it may have to perform should Plaintiffs' requested relief be granted. Defendant, however, has not demonstrated that it will be denied the opportunity to present facts or evidence to support its counterclaim. *See id.* Although this litigation has been ongoing for more than two years, it does not present the kind of situation that has often led courts to deny a motion to amend in the interest of judicial economy. *See Fourte*, 2009 WL 2998110 at *9.

Finally, the Court does not find that Plaintiffs acted with bad faith or dilatory motive. The timing of Plaintiffs' motion appears to be dictated by the progress of discovery, which was delayed pending a decision on Plaintiffs' motion for judgment on the pleadings. After the motion was denied, the Court entered a scheduling order and the discovery stay was lifted. In light of evidence that surfaced during discovery thereafter, Plaintiffs sought leave to amend their answer to Defendant's counterclaim, pursuant to Fed. R. Civ. P. 15, to add a statute of limitations defense. Although Defendant may suggest otherwise, the Court has no reasonable basis to believe that Plaintiffs were deliberately obfuscating or acting in bad faith or with a dilatory motive in raising the present affirmative defense. [*See* Dkt. No. 70 at 17-18, 21-22].

Accordingly, Plaintiffs' motion for leave to amend the answer to Defendant's counterclaim is **GRANTED**.

## **CONCLUSION**

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1(b), and for the reasons set forth above;

**IT IS** on the 24th day of January, 2017,

**ORDERED** that Plaintiffs' Motion for Leave to Amend the Answer to Defendant's Counterclaim is **GRANTED**; and it is further

**ORDERED** that Plaintiffs shall file the proposed Amended Answer to Defendant's Counterclaim within **fourteen (14) days** of this Order; and it is further

**ORDERED** that the Clerk of the Court terminate the aforementioned motion [Docket Entry No. 66] accordingly.

       s/James B. Clark, III
**JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**