UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRAVELERS CASUALTY AND SURETY COMPANY, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**BECTON DICKINSON AND COMPANY,**<br><br>Defendant. | Civil Action No. 14-4410 (JMV)<br><br>OPINION AND ORDER |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by plaintiffs Travelers Casualty and Surety Company and Travelers Property Casualty Company of America (collectively "Plaintiff" or "Travelers") to compel Defendant Becton Dickinson and Company's ("Defendant" or "BD") production of documents related to the underlying lawsuits and settlements at issues in this action. [Docket Entry No. 93]. Defendant opposes Plaintiff's motion. [Docket Entry No. 94]. For the reasons set forth below, Plaintiff's Motion to Compel is **DENIED**.

I.     BACKGROUND

By way of background, Travelers instituted this action on July 11, 2014, seeking a declaratory judgment that it owed no defense or indemnity coverage for groups of antitrust lawsuits (the "Underlying Actions") that BD settled before tendering to Travelers. [Docket Entry No. 1]. The first action (the "Retractable Action") was brought in state court in 1998, then as a federal action in 2001, and was settled by BD in July 2004. The second group of suits (the "Class Actions") were commenced between 2005 and 2007 by direct and indirect purchasers of BD's

1

hypodermic products. BD settled the direct-purchaser suits in April 2009, and the indirect-purchaser suits in July 2013.

In December 2013, BD tendered the Class Actions to Travelers seeking coverage. Travelers initially declined coverage, but later withdrew its declination under the relevant policies and reserved its rights. In response to requests for additional information regarding the Class Actions, BD stated that the "[u]nderlying defense counsel prepared no evaluations or status reports during the class actions litigations" and the "underlying actions settled before the parties engaged in any discovery concerning any issue other than standing." [Docket Entry No. 4-4]. In June 2014, BD tendered the Retractable Action to Travelers, which declined coverage under the relevant policies.

After filing the instant action in July 2014, Travelers moved for judgment on the pleadings arguing that it owed no coverage for the Underlying Actions because BD breached various policy conditions when it handled and settled those matters before tendering them to Travelers. BD opposed, claiming that Travelers must show "appreciable prejudice" stemming from a condition breach and, to do so, must prove that it: (1) irretrievably lost substantial rights; and (2) would have defended successfully against the Underlying Actions. [Docket Entry No. 18 at 16-19]. Denying Travelers' motion for judgment on the pleadings, Judge Vazquez found that New Jersey's "appreciable prejudice" rule applies to occurrence-based policies and there is an "open issue" on whether the rule has a "good-faith" prerequisite. [Docket Entry No. 43.] Judge Vazquez further held that there were material issues of fact in dispute, including whether: (1) Travelers was appreciably prejudiced by BD's late notice and failure to cooperate and (2) "assuming that there is a good faith prequalification, whether Defendant failed to act in good faith". [*Id.*]

Thereafter, the parties exchanged written discovery and served responses in July 2016. With respect to BD's "appreciable prejudice" defense, Travelers sought information regarding BD's litigation and settlement of the Underlying Actions which included communications with counsel, and evaluations of strategy and the merits of the claims. [Docket Entry No. 93-2, 93-3]. Travelers further sought information regarding BD's good faith; specifically, information concerning BD's evaluation of potential coverage for those actions. BD objected to these requests, invoking the attorney-client privilege and work-product doctrines. That issue is now before us the Court on the instant motion.

## II. THE PARTIES'S POSITIONS

### A. Travelers' Position

Travelers contends that BD has waived any attorney-client privilege or work–product protection over the requested documents by affirmatively placing those documents "at issue". Specifically, BD asserted as an affirmative defense that "Plaintiffs cannot meet their burden of proving appreciable prejudice arising from any alleged untimely notice of the underlying action." BD further stated in its opposition to Travelers' motion for judgment on the pleadings, that appreciable prejudice can only be shown by proving: (1) that it irretrievably lost substantial rights; and (2) it would have defended successfully against the Underlying Actions. BD further stresses the inability to prove the latter point, by arguing that Travelers "cannot[] allege it would have hired better counsel or achieved a better outcome than that secured by [BD's counsel]". Taken all together, these statements place the advice of BD's counsel "at issue". And such information cannot be obtained from a less intrusive source because a determination of whether Travelers could have been more successful in the underlying actions is dependent on the actions taken by BD's counsel—documents only BD maintains.

3

With regard to documents related to BD's counsel's evaluation of potential insurance coverage for the Underlying Actions, Travelers argues that these documents are not protected by the work product doctrine because they were not prepared in anticipation of litigation. Even if they were, there is a substantial need for these documents because: (1) Travelers has no alternative to show good faith; and (2) deposition testimony is insufficient without contemporaneous documentation.

   *B. BD's Position*

On the other hand, BD argues that the documents sought by Travelers are protected by the attorney-client privilege and work-product doctrines. These privileges have not been waived nor should be pierced for several reasons. First, BD has not placed its counsels' statements at issue with regards to Traveler's claim of appreciable prejudice. Second, BD argues that those privileges should remain intact because Travelers can obtain the requested information from other less intrusive sources without undue hardship. Specifically, documents related to BD's "defense and settlement of the Underlying Actions" and "how [its] counsel evaluated various strategy options" can be gleaned from the millions of pages of documents BD was preparing to produce in this matter, through court filings, and deposition testimony of corporate designee and fact witnesses.

**II.   LEGAL STANDARD**

When a case is based on federal diversity jurisdiction, courts are to decide issues of privilege based on state law. *See In re Ford Motor Corp.*, 110 F.3d 954, 965-66 (3d Cir. 1997). Thus, the Court considers the attorney-client and work-product privilege under New Jersey law.

The attorney-client privilege exists to promote full and frank discussions between attorneys and their clients, *see United Jersey Bank v. Wolosoff*, 196 N.J. Super. 553, 561 (App. Div. 1984),

and protects confidential communications made in the course of a professional relationship. *See* N.J.S.A. 2A:84A-20; *Rivard v. Am. Home Prod., Inc.*, 391 N.J. Super. 129, 153 (App. Div. 2007). Unlike the federal privilege, the New Jersey state attorney-client privilege is qualified and may be required to yield when the need for information is legitimate, the information is relevant and material to the issues before the Court, and such information cannot be obtained from any less intrusive source. *See In re Kozlov*, 79 N.J. 232, 243-44 (1979). The typical setting in which the attorney-client privilege has not been sustained under *Kozlov* is where the party claiming the privilege has implicitly waived it by putting the confidential communications "at issue" in the litigation. *See Kinsella v. Kinsella*, 150 N.J. 276, 300 (N.J. 1997). This occurs when a party has placed in issue "a communication which goes to the heart of the claim in the controversy." *Id.*

## III. DISCUSSION

*A. Privileged Documents Relating to the Litigation and Settlement of the Underlying Actions*

Travelers claims that BD waived the attorney-client privilege related to the Underlying Actions when it asserted as an affirmative defense, that "Plaintiffs cannot meet their burden of proving appreciable prejudice arising from any alleged untimely notice of the underlying action[s]" and later argued that Travelers "cannot[] allege it would have hired better counsel or achieved a better outcome than that secured by [BD's counsel]". Assuming *arguendo* that these statements affirmatively placed the privileged documents "at issue", thereby satisfying the first prong of *Kozlov's* waiver analysis, Travelers' arguments nevertheless fail on the remaining prongs.

Surprisingly, Travelers does not address the second prong of the *Kozlov* analysis—whether the documents are relevant and material to the issues before the Court. In order to prove appreciable prejudice, Travelers bears the burden of showing: (1) that substantial rights have been irretrievably lost, and (2) the likelihood of success of the insurer in defending against the victim's

claim. *See CSR Ltd. v. CIGNA Corp.*, 2006 U.S. Dist. LEXIS 8149, *39 (D.N.J. Feb. 10, 2006); *Cont'l Ins. Co. v. Beecham, Inc.*, No. 95-2947 (HAA), 836 F. Supp. 1027, 1047-48 (D.N.J. 1993) (stating that the insurer must show an irretrievable loss of substantial rights and that it would have had a meritorious defense had there been timely notification.) In order to prove the "likelihood of success" prong, Travelers hopes to bolster its arguments by reviewing *all* of the actions and decisions made by BD's counsel, and then arguing that it could have done better. But this is not the inquiry set forth under the "appreciable prejudice" analysis. The question is not what BD did, but what Travelers could have done, but for the untimely notice. *See Morales v. National Grange Mut. Ins. Co.*, 176 N.J. Super. 347, 356 (Law Div. 1980) ("For that reason the carrier should be required to show the likelihood that it would have had a meritorious defense had it been informed of the accident in a timely fashion.") The effectiveness of BD's counsel is not material to this inquiry. The focus of the inquiry is what Travelers would have done faced with the same lawsuit.

Even if the requested information was relevant and material, this same information can be obtained from far less intrusive non-privileged sources, including pleadings, motions, depositions transcripts, communications between opposing counsel, and any discovery produced in the Underlying Actions. These documents themselves evidence the strategy and actions taken by BD for which Travelers can make their comparison. Accordingly, this Court denies Travelers' Motion to Compel BD's privileged documents relating to the litigation and settlement of the Underlying Actions.

B. *Documents Related to BD's Evaluation of Potential Insurance Coverage for the Underlying Actions*

Travelers also seeks information pertaining to BD's evaluation of potential insurance for, and whether to tender, the Underlying Actions. Travelers contends that these evaluations speak to

BD's "good faith" with respect to the policy agreements. BD objects, claiming that these documents are privileged.

The attorney-client privilege protects communications between an attorney and his client made in confidence to obtain or provide legal advice. N.J.S.A. § 2A:84A-20; N.J. R. Evid. 504; *Blakey v. Cont'l Airlines, Inc.*, No. CIV. 93-2194 (WGB), 1995 WL 464477, at *6 (D.N.J. June 16, 1995); *NL Indus., Inc. v. Commercial Union Ins. Co.*, 144 F.R.D. 225, 229 (D.N.J. 1992); *Wolosoff*, 196 N.J. Super. at 562. The evaluations prepared by BD's counsel satisfy this privilege. The documents were prepared by BD's counsel, McCarter & English, for its client, BD, in confidence, to provide legal advice regarding insurance coverage for the Underlying Actions. As such, Travelers' arguments related to the work product doctrine are moot. Travelers does not argue an exception to the attorney-client privilege, focusing its arguments on the work-product privilege. As these documents are protected under the attorney-client privilege, this Court declines to address Travelers' work-product arguments.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 20th day of June, 2017,

**ORDERED** that Plaintiffs Motion to Compel is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court terminate the motion at Docket Entry No. 93.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**