# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | : <br> : <br> : Civil Action No. 2:14-cv-04410- <br> : JMV-JBC <br> : |
| Plaintiffs, <br> v. | : <br> : <br> : |
| BECTON DICKINSON AND COMPANY, | : Return Date: August 7, 2017 |
| Defendant. | |

---

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF APPEAL FROM MAGISTRATE JUDGE'S JUNE 20, 2017 ORDER

---

William T. Corbett, Jr.
Laura A. Brady
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932-1047
Tel: (973) 549-7000
william.corbett@dbr.com
laura.brady@dbr.com
*Counsel for Plaintiffs Travelers Casualty and Surety Company and Travelers Property Casualty Company of America*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 2

      I.    BECTON URGES THE WRONG STANDARD OF REVIEW. .......................... 2

      II.    THE KOZLOV TEST IS SATISFIED. ............................................................... 5

CONCLUSION ..................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Callas v. Callas,
    No. CV 14-7486, 2017 WL 1102629 (D.N.J. Mar. 24, 2017)............................3

Cooper Hospital/Univ. Med. Ctr. v. Sullivan,
    183 F.R.D. 119 (D.N.J. 1998) ........................................................................3, 4

Ebert v. Township of Hamilton,
    2016 U.S. Dist. LEXIS 157916 (D.N.J. Nov. 15, 2016) ....................................4

Glenmede Tr. Co. v. Thompson,
    56 F.3d 476 (3d Cir. 1995).................................................................................3

Jackson v. Chubb Corp.,
    45 F. App'x 163 (3d Cir. 2002).........................................................................2

In re Kozlov,
    79 N.J. 232 (1979). [D.E. 108 ("Opp.") ] .....................................................5, 6

Morales v. National Grange Mut. Ins. Co.,
    176 N.J. Super. 347 (Law Div. 1980).............................................................8, 9

N.L.R.B. v. Frazier,
    966 F.2d 812 (3d Cir. 1992)...............................................................................2

Solvents Recovery Serv. of New England v. Midland Ins. Co.,
    218 N.J. Super. 49 (App. Div. 1987).............................................................6, 7

**STATUTES, RULES & REGULATIONS**

28 U.S.C. § 636(b)(1)(A) ................................................................................2, 3, 4

Fed. R. Civ. P. 72.............................................................................................2, 3, 4, 7

Local Civ. Rule 72.1 ................................................................................................1

Rule 30(b)(6) ............................................................................................................6

## **PRELIMINARY STATEMENT**

Pursuant to Local Rule 72.1(c)(1)(A), Plaintiffs Travelers Casualty and Surety Company and Travelers Property Casualty Company of America (collectively, "Travelers") hereby reply to Defendant Becton Dickinson & Company's ("Becton") opposition to Travelers' appeal from Magistrate Judge Clark's June 20, 2017 Order [D.E. 108] ("June 20 Order") denying Travelers' motion to compel discovery from Becton.

This appeal does not, as Becton suggests, seek to waste the Court's time with some routine discovery matter within the magistrate's case-management discretion. Rather, it presents an important question concerning waiver of privilege and work product protection to this Court for the first time.

Becton is heavy-handed in its attempt to de-legitimize this application by conjuring the specter of an insurance company engaged in a nefarious plot. To place the focus where it properly belongs: This appeal arises from Becton's having taken voluntary and affirmative steps of proffering particular arguments that require Travelers to be granted access to the privileged materials it seeks. It is Becton's approach that brings us here.

Beneath the bluster, Becton's opposition offers no cognizable basis for this Court to uphold the June 20 Order. We address some key points in response below.

## ARGUMENT

### I.   Becton Urges the Wrong Standard of Review.

Becton is wrong that an "abuse of discretion" standard governs this Court's review of the June 20 Order.  Neither the federal statute governing the scope of a magistrate's duties nor the Federal Rules provide for such a standard.  Rather, as discussed in Travelers' opening brief, both expressly direct that an appeal of a magistrate's ruling on a nondispositive matter requires the district court to determine whether that ruling is "clearly erroneous or contrary to law."  See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  While certain district court cases have applied an alternative "abuse of discretion" standard in reviewing magistrate rulings on routine discovery matters, Becton cites no Third Circuit case which contemplates heightening a district court's standard for reviewing magistrate decisions beyond that set forth by statute.  Cf. Jackson v. Chubb Corp., 45 F. App'x 163, 166 n.7 (3d Cir. 2002) ("The District Court may reverse a magistrate judge's ruling regarding a non-dispositive issue such as discovery only if it is 'clearly erroneous or contrary to law.'") (quoting 28 U.S.C. § 636(b)(1)(A)); N.L.R.B. v. Frazier, 966 F.2d 812, 815-16 (3d Cir. 1992) ("Initially, we must determine the proper legal standard for review by the district court of a magistrate judge's decision to deny enforcement of an agency subpoena. As that standard depends on how an enforcement proceeding fits within the schema set forth in the

jurisdictional provisions of the Federal Magistrate's Act, 28 U.S.C. § 636, *we must look to the Act for guidance*.") (emphasis added).

Ignoring the statute and Rule 72, Becton suggests that an "abuse of discretion" standard is mandatory for all discovery decisions by magistrates. [Opp. at 8]  Yet even among those courts that choose to apply it, it is clear that this standard is permissive and not simply accepted as appropriate for all non-dispositive discovery determinations. See Callas v. Callas, No. CV 14-7486, 2017 WL 1102629, at *3 (D.N.J. Mar. 24, 2017) (noting "abuse of discretion" standard "*may be applied*" to certain appeals from magistrates) (emphasis added).  Indeed, determinations of privilege are typically afforded greater judicial scrutiny and resources than typical discovery disputes. See Glenmede Tr. Co. v. Thompson, 56 F.3d 476, 482 (3d Cir. 1995) (noting that the "extraordinary" relief of mandamus review is an appropriate means of immediate appellate review for production of privileged documents).  Thus, even assuming an "abuse of discretion" standard is properly applied in some circumstances, privilege is not one of them. See, e.g., Cooper Hospital/Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127–28 (D.N.J. 1998).

For example, in Cooper Hospital, the Court was charged with reviewing a magistrate's discovery ruling involving an alleged waiver of work-product

3

protection. The Court there expressly declined to apply an "abuse of discretion" review in favor of the review standard dictated by Rule 72, explaining:

> Although this appeal arises out of a discovery dispute over whether Cooper is required to produce the Report, Magistrate Judge Kugler's order compelling Cooper to produce the Report hinges upon the application of the work-product doctrine to the circumstances of this case. Therefore, I will apply the "clearly erroneous and contrary to law" standard of review.

Id. at 128. It is telling that none of the cases Becton cites on this standard-of-review point discusses application of an abuse-of-discretion standard to an alleged waiver of privilege or work-product protection.

Even if the Court were to apply an abuse-of-discretion review, that review still mandates reversal of any decisions on factual matters that were clearly erroneous or legal issues that were wrongly decided. See Ebert v. Township of Hamilton, No. 15-cv-7331, 2016 WL 6778217 (D.N.J. Nov. 15, 2016). In Ebert, Judge Thompson referenced the standard of review required by Rule 72(a) and then discussed the application of an "abuse of discretion" review in the case where an appeal "seeks review of a matter within the core competence of the Magistrate Judge, such as a discovery dispute…." Id. at *2. She explained: "Abuse of discretion review, of course, may get us to much the same place: as a practical matter it incorporates plenary review of legal questions and clear error review of factual ones." Id. (citation omitted). Thus ultimately, both the appropriate standard of review as dictated by Rule 72 and 28 U.S.C. § 636(b)(1)(A), and the "abuse of

4

discretion" standard Becton wrongly urges, dictate reversal of the June 20 Order.

## II. The Kozlov Test is Satisfied.

While replete with standard-of-review references, Becton's opposition is lean on substantive reasoning addressing Travelers' arguments concerning the June 20 Order. It provides no cognizable basis for the Order to be upheld.

Becton confines to a footnote its discussion of the "legitimate need" prong of the analysis under In re Kozlov, 79 N.J. 232 (1979). [D.E. 108 ("Opp.") at 11 n.5] It claims Travelers has not satisfied the factor, but then seemingly accepts the magistrate's assumption *arguendo* that the factor is satisfied and criticizes Travelers for addressing it on appeal. [Id.] For the reasons set forth in Travelers' opening brief, Becton has unquestionably placed its privileged materials at issue in this case and Becton offers no serious argument otherwise.

The next prong of the Kozlov analysis concerns the relevance of the sought-after discovery. Becton's opposition says little that addresses this issue directly. What it does say can be cabined into two categories:

First, in a dizzying tautology, Becton quotes the June 20 Order itself to sustain the Order's conclusion that the materials Travelers seeks are irrelevant. Its opposition proclaims, for example, that "the 'soundness' of underlying defense counsel's advice regarding the defense and settlement of the Underlying Actions bears no relevance to the insurer's appreciable prejudice proof burden." To

5

support that proposition, it then cites the very conclusion of law in the June 20 Order that Travelers disputes on appeal. [Opp. at 14 (quoting D.E. 108 at 5-6)] Becton adds no argument, though, as to why that legal conclusion is correct as a matter of New Jersey "appreciable prejudice" jurisprudence.

Second, Becton purports to address the relevance point by jumping forward to the third <u>Koslov</u> factor and outlining the information Travelers can glean from "nonprivileged sources." [Opp. at 12] This approach is particularly telling as it contains no dispute from Becton as to Travelers' reading of the law. In particular, Becton does not dispute that the "appreciable prejudice" analysis requires that Travelers be granted "'access to all of the facts' regarding the Underlying Actions" and "information regarding 'any conflicts, dereliction or action which may have affected the result the carrier might have obtained.'" [Opp. at 12 (citing <u>Solvents Recovery Serv. of New England v. Midland Ins. Co.</u>, 218 N.J. Super. 49, 55 (App. Div. 1987)] Instead, it claims (again, quoting the June 20 Order) that such facts and information are available to Travelers through non-privileged sources.[1]

What is noticeably missing from this emphasis on non-privileged sources of information -- both within Becton's "relevance" argument and its discussion of the third prong of <u>Kozlov</u> -- is any answer to Travelers' opening argument that such non-privileged materials contain only half the relevant story. Becton, in fact,

---

[1] While not pertinent, we should note that Becton's reference to designation of a Rule 30(b)(6) witness is mistaken. No deposition notices have yet been served.

foreshadows that state of affairs when it argues that Travelers' demand for its privileged materials is "at best, grossly premature."[2] [Opp. at 13]

A critical point that Becton's opposition glosses over is that the magistrate's ruling on the relevance prong of the Koslov test was driven by his conclusion of law concerning the proper scope of the "appreciable prejudice" analysis. [D.E. 108 at 6] As outlined above, this Court's task on review is to decide that legal issue *de novo*. See, e.g., Fed. R. Civ. P. 72(c)(1)(A) (Court must "set aside any portion of the Magistrate Judge's order found to be . . . contrary to law").

Reversal of the June 20 Order is mandated because the magistrate incorrectly ruled, as a matter of law, that the "appreciable prejudice" inquiry does not take into account "what [the insured and its counsel] did" in litigating and settling the Underlying Actions. [D.E. 108 at 6] New Jersey case law does not provide for that black-line rule adopted by the magistrate. The rule is, in fact, contrary to the Appellate Division's dictates that an insurer faced with making an "appreciable prejudice" showing must be given access to "all of the facts including what action the insured and others have taken to protect their mutual interests" so as to permit evaluation of whether "there were any conflicts, dereliction or action which may have affected the result the carrier might have obtained**."** Solvents

---

[2] We are, incidentally, hard pressed to square Becton's assertion of privilege and work-product protection with its suggestion that Travelers can question its deposition witnesses about strategic decisions in the Underlying Actions. [Opp. at 12]

7

Recovery, 218 N.J. Super. at 55.

On this legal issue, Becton's opposition opts not to address substantively Morales v. National Grange Mut. Ins. Co., 176 N.J. Super. 347 (Law Div. 1980), the case cited by the magistrate to support his conclusion. [Opp. at 11] It instead claims obliquely in a footnote that Travelers "concedes the Morales standard." [Opp. at 11 n.6] Whatever that means, Travelers made no such concession.

As is clear from its opening brief, Travelers unequivocally disputes that the Morales quotation referenced in the June 20 Order provides for a singular "standard" to be mechanically applied in all "appreciable prejudice" analyses. Travelers particularly disputes that Morales warrants the magistrate's conclusion that the "appreciable prejudice" analysis does not ever take into account "what [the insured and its counsel] did" [D.E. 108 at 6] in litigating and settling the subject underlying suits. [D.E. 110-1 at 18-21] Indeed, even setting aside the Appellate Division authority to the contrary, Morales did not say that.

Nor could it have, given the context. The claimant in Morales was seeking insurance proceeds for a default judgment entered against the insured, and the court held the insurer seeking to void coverage on late notice grounds had to show it likely would have had a meritorious defense.[3] 176 N.J. Super. at 356. As the insured in that case did not undertake any defense of the underlying suit, Morales

---

[3] The court did not, incidentally, address what materials the insurer would have been entitled to as relevant to that showing.

cannot fairly be read as announcing any one-size-fits-all rule to be applied reflexively in a case where the insured engaged in substantial activity in defending and settling the underlying suits before seeking coverage. This is uniquely so where, as here, the insured claims no "appreciable prejudice" can be shown because of the esteemed reputation of the lawyers who aided it in that activity. As argued in Travelers opening brief, Morales does not support the legal conclusion that formed the basis of the June 20 Order's finding of no relevance to the materials sought by Travelers.

As to the third prong of the Koslov test, Travelers notes again the opposition's lack of response to Travelers' opening arguments as to how publicly-available information tells only a partial story.

## **CONCLUSION**

For the foregoing reasons and those set forth in its opening brief, Travelers respectfully requests that this Court reverse the portion of the June 20 Order that denies Travelers' motion for production of the litigation- and settlement-related materials over which Becton claims privilege and work product protection.

Dated: July 31, 2017            By:  /s/ *Laura A. Brady*
                                      William T. Corbett, Jr.
                                      Laura A. Brady
                                      DRINKER BIDDLE & REATH LLP
                                      600 Campus Drive
                                      Florham Park, New Jersey 07932-1047
                                      Tel:  (973) 549-7000
                                      william.corbett@dbr.com
                                      laura.brady@dbr.com
                                      *Counsel for Plaintiffs*
                                      *Travelers Casualty and Surety*
                                      *Company and Travelers Property*
                                      *Casualty Company of America*